### BUDD v. WILKINSON.

In a suit against the maker of a promissory note, the declaration averred
that the note was payable to *E. R. Day*, and that *E. R. Day* assigned it
to the plaintiff.  *Held*, that the omission of *Day's* christian name did not
render the averment objectionable.

*Tuesday,*  ERROR to the *Floyd* Circuit Court.
*May 26.*
SULLIVAN, J.— Debt.  The declaration states that the de-
fendant, *Wilkinson*, made his promissory note payable to
*E. R. Day*, and that *E. R. Day*, before the payment thereof,
assigned the note to the plaintiff.  The declaration did not
set forth the christian name of *Day*.  General demurrer, and
judgment for the defendant.

This judgment must be reversed.  The proper christian
and surnames of *parties* to a suit should be stated with

certainty in the record, as has been repeatedly decided; but we are aware of no case, in which it has been held that this principle applies to the names of persons *not parties.* A note payable to partners may be assigned by them in the partnership name, and in a suit by the assignee against the maker, it is not necessary to disclose the names of the persons composing the firm. *Cochran* v. *Scott,* 3 Wend. 229.—*Childress* v. *Emory,* 8 Wheat. 669.—*Stout* v. *Hicks, Nov.* term, 1838. There are reasons for identifying the parties to a suit, which do not apply to third persons. We think the Court erred in sustaining the demurrer.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Crawford,* for the plaintiff.
*H. P. Thornton,* for the defendant.