## SHANE ET AL. *v.* LOWRY.

| 48 | 205 |
| 154 | 412 |

PROMISSORY NOTE.—*Protest.*—Where there is no endorser on a negotiable note, no protest or notice of non-payment is necessary.

SAME.—In an action by an assignee by delivery of a note payable to a partnership, against the maker, the complaint can not be objected to, under a demurrer for insufficiency of the facts stated, on the ground that it does not state the individual names of the persons composing the partnership, but only the firm name.

SAME.—*Parties.*—A demurrer for want of sufficient facts does not present the objection that the assignor of a note by delivery is not made a party defendant, to answer as to his interest in the note. The demurrer should state that as the ground of objection.

SAME.—*Assignment.—Consideration.*—It is not a good answer by the maker of a note, in an action by an assignee, that the latter paid no consideration for the note.

PRACTICE.—*Special Finding.*—A special finding of facts with conclusions of law, unless signed by the judge or set out in a bill of exceptions and made at the request of one or both of the parties, amounts to no more than a general finding.

From the Ripley Common Pleas.

*E. P. Ferris,* for appellants.

*W. D. Ward* and *J. B. Rebuck,* for appellee.

DOWNEY, J.—Suit by the appellee against the appellants, on a promissory note made by the appellants to Londheimer, Weiskopf & Co., payable in bank, and assigned by the payees to the appellee.

The complaint is in two paragraphs. Each alleges an assignment of the note, and not an indorsement. In alleging the assignment, the statement is, that the payees, by their firm name, made the assignment. Each paragraph alleges a protest of the note for non-payment, and the protest is made part of the complaint. This was unnecessary. Neither protest nor notice of non-payment is necessary in such case. The maker ought to know whether he has paid the note or not, without any notice from other parties.

The defendants demurred to each of the paragraphs of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled.

An answer consisting of seven paragraphs was filed.

The plaintiff demurred to all the paragraphs, except the first, and the demurrers were all overruled, except that to the seventh paragraph, which was sustained.

Reply in denial of the paragraphs held good.

Trial by the court; finding for the plaintiff; motion for a new trial overruled; and judgment for the plaintiff.

The assignments of error are:

1. Overruling the demurrer of the defendants to the complaint.

2. Sustaining the demurrer to the seventh paragraph of the answer.

3. Error in the conclusions of law by the court.

4. Overruling the motion for a new trial.

We do not discover any defect in the complaint, in either paragraph, for which the demurrer should have been sustained. It is claimed by counsel for the appellants, that the paragraphs of the complaint are bad, because the proper names of the payees are not stated, but only the firm name. We do not think this a good objection under the demurrer. *Budd* v. *Wilkinson*, 5 Blackf. 264. There are other cases to the same effect. If the payees should have been made defendants, to answer as to the alleged assignment, under sec. 6, p. 38, 2 G. & H., this was a defect of parties, and the demurrer should have stated that as the ground of objection. *Strong* v. *Downing*, 34 Ind. 300, and cases cited. There are many other cases.

It is urged that the paragraphs of the complaint are bad, because they do not allege that the note is unpaid. The first states, that "said note is still unpaid;" and the second that the note was assigned before maturity; that payment was refused when it was presented at the bank, at maturity; and that the defendants, nor either of them, have paid any part of said sum to the plaintiff. We think this sufficient.

The seventh paragraph of the answer alleges that there was no consideration for the assignment of the note. This is no reason why the defendants should not pay the note. If the

payees assigned it, it is not for them to question the consideration paid for the assignment. If the payees gave it to the plaintiff, it is no concern of theirs. If the action were on the assignment, the rule would be different.

There is no legal special finding by the court, because it is not signed by the court, nor set out in a bill of exceptions; nor does it appear to have been made at the request of the parties, or either of them. No question arises upon it. *Conwell* v. *Clifford*, 45 Ind. 392. There are a great many other cases to the same effect.

The evidence is not in the record, and no question is presented under the fourth error assigned.

The judgment is affirmed, with ten per cent. damages and costs.