Clough *et al. v.* Thomas *et al.*

———————•——————

CLOUGH ET AL. *v.* THOMAS ET AL.

PARTIES.—*Demurrer.—Answer.—Promissory Note Assigned Without Endorsement.*—Where a promissory note has been assigned, but not by endorsement, the payee should be made a party defendant in an action on the note by the assignee; but if the payee be not made a party, objection to such defect of parties apparent on the face of the complaint cannot be taken by demurrer assigning insufficiency of the facts stated or by answer, but must be taken by demurrer assigning defect of parties defendants.

SAME.—*Petition to be Made a Party.*—Where such a defect of parties was apparent on the face of a complaint on a promissory note, and objection thereto was not properly taken by the defendant, it was error to refuse to permit the payee to become a party upon her petition alleging that the note was executed to her, that she had been and still was the owner thereof, and that it had been transferred by her husband without authority from her, she being at the time a minor and a married woman.

SAME.—*Rule of Court.*—The fact that such an application to be admitted as a party was made too late under a rule of court could not affect the application, the petitioner not being a party.

From the Montgomery Circuit Court.

*W. P. Britton, M. W. Bruner, P. S. Kennedy* and *W. T. Brush,* for appellants.

*T. H. Ristine,* —— *Thomson, S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellees.

DOWNEY, C. J.—William M. Thomas and Joanna Thomas, the appellees, administrators of the estate of James Thomas, deceased, sued Bluford Clough, one of the appellants, on a promissory note. The complaint is in three paragraphs. The first alleges the making of the note by Clough to Eliza J. Dague and the assignment of the note by her to said James Thomas, the decedent, and avers that the note is due and unpaid.

The second alleges the making of the note to said Eliza J. Dague; alleges that she was a minor; that Cyrus A. Dague was her guardian; that the note was for part of the purchase-money of certain real estate owned by the ward and sold to the defendant by the guardian, by order of the proper court; that, as such guardian, the said Cyrus A. Dague had the possession and control of said note; that the note was transferred and assigned by the guardian and by the said Eliza J. Dague, in writing thereon, to said James Thomas, deceased; and that the said note is due, and, except one payment thereon, is unpaid.

The third paragraph alleges the making of the note to said Eliza J. Dague; that she was a minor; that said Cyrus A. Dague was her guardian, and, as such, sold and assigned the note to said James Thomas, deceased, by his assignment; that the note is due and unpaid, etc.

A demurrer applying separately to each paragraph of the complaint, on the ground that the paragraphs did not state facts sufficient to constitute a cause of action, was filed and overruled.

The defendant then answered in two paragraphs. The second was a general denial. The first alleged that the said Eliza J. Dague had never assigned the note as alleged, or

authorized its assignment; that she was claiming the note as her own, etc., and asking that she be made a party to the action. A demurrer to the first paragraph of the answer was filed by the plaintiff and sustained by the court.

Eliza J. Dague then applied to the court to be made a party to the action, and the court refused to allow her to become a party.

Upon a trial by the court, there was a finding and judgment for the plaintiff.

Error is assigned upon the rulings of the court on the demurrer to the complaint, on the demurrer to the first paragraph of the answer, and on the application of Eliza J. Dague to be made a party to the action.

It is conceded that the ruling of the court on the demurrer to the complaint was correct, the demurrer not having been for defect of parties.

It is urged, however, that the first paragraph of the answer was good and presented the question as to defect of parties. We are not inclined to this opinion. The first paragraph of the complaint does not allege an indorsement of the note by the payee; nor does the third paragraph aver an endorsement by the guardian. Possibly it may be understood from the allegations of the second paragraph of the complaint, that the assignment was by indorsement. It is averred, that it was "in writing thereon." When a note is assigned, but not by endorsement, the payee should be a party. 2 G. & H. 38, sec. 6. But the objection was not presented by demurrer to the complaint, assigning this cause. The demurrer to the complaint was therefore properly overruled.

The defect of parties appearing upon the face of the complaint, and the objection not having been taken by demurrer, it cannot, according to section 54, p. 81, 2 G. & H., be taken by answer. It is only when the matters enumerated in section 50, which specifies the grounds for demurring, do not appear upon the face of the complaint, that the objection

can be taken by answer. There was no error in sustaining the demurrer to the answer.

In her petition to become a party to the action, Eliza J. Dague alleged that the note was executed to her; that she was and now is the owner thereof; that the same was transferred by said Cyrus A. Dague, her husband, without any authority from her, she being a minor at the time of the assignment of the note and a married woman; and prays to be made a party to the action.

The court refused this motion, on the ground that the application was made too late under a rule of the court, and because the petition did not state facts sufficient to entitle the petitioner to become a party to the action.

We are of opinion that the court committed an error in refusing to make the petitioner a party to the action. The rule of court could not operate upon the petitioner, as she was not a party to the action. See *Truitt* v. *Truitt*, 38 Ind. 16. We are of the opinion that the statements of the petition, the truth of which is not questioned, were sufficient to require the court to order the petitioner to be made a party to the action.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion of the petitioner to be made a party to the action, and for further proceedings.

## ON PETITION FOR A REHEARING.

DOWNEY, C. J.—A petition for a rehearing is filed in this case by the appellee. It is asked that the court grant a rehearing upon the point last decided, the only one decided against the appellee. We think the petition must be overruled. As to the causes of action alleged in the first and third paragraphs of the complaint, it is clear that the payee of the note should have been made a defendant, because it is not stated that the note was assigned by indorsement. See statute referred to in the opinion. It was unfortunate

that this allegation was not made, but this was a fault of the appellees. Then the defendant failed to present the question of want of parties by a demurrer for that cause to these paragraphs of the complaint. In this the cause was badly conducted on the part of the defendant. When Eliza J. Dague asked that the plaintiffs should make her a party to the action, she only asked that they should do what they ought to have done in the first place, and what we think the court should have compelled them to do on her application.

The petition is overruled.