## REED ET AL. *v.* GARR ET AL.

<div style="float:right">59  299<br>154  412</div>

PROMISSORY NOTE.—*Assignment of.*—*Pleading.*—*Parties.*—*Statute Construed.*— In an action on a promissory note by an assignee against the maker, the complaint alleged, that such note had been "assigned in writing to the plaintiff," by the payee.

*Held,* on demurrer, assigning a want of parties defendants, in failing to make the payee a defendant, that the complaint is insufficient;

*Held,* also, that the averment, "assigned in writing," is not equivalent to the averment, "assigned by endorsement in writing," as required by section 6, 2 R. S. 1876, p. 35.

From the Kosciusko Circuit Court.

*C. Clemans* and *J. A. Clemans,* for appellants.

*C. W. Chapman, A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellees.

BIDDLE, C. J.—John M. Garr, William G. Scott and Jonas Scott brought this suit on a promissory note made by Stephen Reed and Charles Reed, payable to John C. Packer.

The complaint avers, that said note was "by the said Packer assigned in writing to the plaintiff."

The appellants demurred to the complaint for causes:

1. That it does not state facts sufficient to constitute a cause of action; and,

2. That there is a defect of parties defendants, to wit, John C. Packer should be a party defendant, to answer as to his interest in the note.

The demurrer was overruled, and the appellants excepted.

This ruling, as to the second cause of demurrer, is erroneous. The language of the statute is: "When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 R. S. 1876, p. 35, sec. 6.

The averment in the complaint, " assigned in writing," is not the equivalent of, " assigned by endorsement in writing." The word "endorsement," both from its etymology and in its technical use, means a writing on the back of the note. The makers of the note have the right to have the name of the payee upon the note, or that he be made a party, that the record might be pleaded as an adjudication, as well against the payee as his endorsees. A mere assignment in writing may be upon a separate piece of paper, and in such case the record would not show any thing to bind the payee, unless he was made a party to the suit. *Strong* v. *Downing*, 34 Ind. 300; *Shane* v. *Lowry*, 48 Ind. 205; *Clough* v. *Thomas*, 53 Ind. 24.

The judgment is reversed, at the costs of the appellee, and the cause remanded for proceedings according to this opinion.