·REED v. FINTON.

PROMISSORY NOTE.—*Assignment.—Endorsement.—Complaint by Assignee, in Justice's Court.—Defect of Parties.*—In an action originating before a justice of the peace, by an assignee, against the maker, on a promissory note, the complaint alleged that the note in suit had been assigned to the plaintiff " in writing," and that copies of both the note and assignment were attached to the complaint, as parts thereof, but in fact no copy of the assignment was so attached.

*Held*, on demurrer for failure to make the payee a party defendant, that the complaint is insufficient ; as, even in a justice's court, the payee must be made a party defendant in such an action, unless the assignment be by endorsement upon the note.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.

*S. S. Baker* and ⸺ *Cane*, for appellee.

HOWK, C. J.—In this action, the appellee sued the appellant, before a justice of the peace of Kosciusko county.

In his complaint the appellee alleged, in substance, that the appellant was indebted to appellee in the sum of one hundred and sixty-two dollars, as evidenced by a certain promissory note executed by the appellant to one Stephen Reed, and assigned in writing to the appellee by said Stephen Reed, a copy of which note and assignment was filed with and made part of said complaint; and that said note remained wholly unpaid. Wherefore, etc.

A copy of the note in suit is set out, but no copy of any assignment of the note is to be found in the record.

On appeal, in the circuit court, the appellant demurred to the appellee's complaint, upon the following grounds of objection:

1. That it did not state facts sufficient to constitute a cause of action; and,

2. That there was a defect of parties defendants to this action, in this, that the said Stephen Reed should have been made a party defendant, to answer as to his interest in the note in suit, and his assignment thereof.

The court overruled this demurrer, and to this decision the appellant excepted. The cause was tried by the court, without a jury, and a finding was made for the appellee, for the amount of the note sued upon; and, over the appellant's motion for a new trial, and his exception duly saved, judgment was rendered by the court on its finding.

In this court, the following decisions of the circuit court have been assigned by the appellant, as errors:

1. In overruling his demurrer to appellee's complaint; and,

2. In overruling his motion for a new trial.

1. The appellant's demurrer to appellee's complaint, upon the ground that there was an apparent defect of parties defendants to the action, should have been sustained.

In section 6 of the practice act it is provided, that, "When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 R. S. 1876, p. 35. This requirement of the statute is applicable as well to actions commenced before a justice of the peace, as to those commenced in the circuit or superior court. It provides, in plain terms, that unless the assignment of the contract is in writing and endorsed on the contract, "the assignor shall be made a defendant." In the case at bar, it was alleged in the complaint, that the assignment of the note in suit was in writing, but it was not alleged therein that such assignment was by endorsement of said note. Possibly, if a copy of the alleged written assignment had been set out in the record, as a part of the record, we might have been able to determine therefrom whether or not such written assignment was made by an endorsement of the note; but, in the absence of such a copy, we are bound to conclude, as we do, that such assignment in writing, as alleged, was not by an endorsement of the note in suit, and therefore that the assignor Stephen Reed should have been made a defendant in this action. This conclusion is in harmony with, and is fully sustained by, a number of the decisions of this court. *Strong* v. *Downing,* 34 Ind. 300; *Shane* v. *Lowry,* 48 Ind. 205; *Clough* v. *Thomas,* 53 Ind. 24; and *Reed* v. *Garr,* 59 Ind. 299.

2. The evidence on the trial is not in the record; and therefore no question is presented for decision, by the alleged error of the court in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.