The Marion and Monroe Gravel Road Company *v.* Kessinger *et al.*

ment of money, to present any argument in his brief in support of any of the errors assigned by him, justifies the affirmance of the judgment, with damages added.

From the Boone Circuit Court.

*P. H. Dutch,* for appellants.

*J. C. Farber,* for appellee.

————◆————

THE MARION AND MONROE GRAVEL ROAD COMPANY *v.* KESSINGER ET AL.

PROMISSORY NOTE.—*Endorsement, Meaning Of.*—The word "endorsement," as applied to a promissory note, necessarily implies a writing on the back of the note.

The Marion and Monroe Gravel Road Company *v.* Kessinger *et al.*

SAME.—*Pleading.*—*Interest.*—Where, in a suit upon a promissory note, such note constitutes a cause of action against the defendant, independent of any additional agreement as to the rate of interest, endorsed thereon, a demurrer to the complaint for the want of facts will not reach any objection as to the sufficiency of the endorsement.

SAME.—*Contract.*—*Fraud.*—Upon the completion of a contract for certain work, a promissory note was executed in settlement of the amount then found to be due, upon the representations of the payee that such work had been done properly, and six months later an agreement, by the maker, to pay an additional rate of interest from the date of such agreement was endorsed upon the note. In an action upon such note by the payee against the maker, the defendant answered alleging that such work was not done according to the terms of the contract, but not alleging that the defendant did not examine the work, or had no opportunity to examine it, or that there was any concealment on the part of the plaintiff as to the character of the work, or that the defendant was in any way deceived in regard to it, or was ignorant of it at the time of or before the execution of the note or at the time of the agreement to pay the additional interest. *Held,* on demurrer that the answer is insufficient.

SAME.—*Admission of Endorsement in Evidence.*—*Practice.*—The sufficiency, validity and consideration of such endorsement, as alleged in such complaint, not being called in question either by the pleadings or evidence of the defendant, he could make no valid objection to its admission in evidence.

From the Grant Circuit Court.

*G. W. Harvey,* for appellant.

*A. Steele* and *R. T. St.John,* for appellees.

HOWK, J.—In this action, the appellees sued the appellant upon a promissory note, of which the following is a copy :

"DEC. 14th, 1876.

" Six months after date, the Marion and Monroe Gravel Road Company promise to pay Eugene Kessinger and John W. Smith the sum of eight hundred and sixty-two dollars and fifty cents ($862.50), for value received, waiving valuation or appraisement laws of the State of Indiana, with interest at the rate of six per cent. from date.

(Signed,)   "MARION AND MONROE GRAVEL ROAD COMPANY,

"By GEORGE STRANGE, President."

The following is a copy of an endorsement on said note :

"This note is to bear interest at the rate of ten per cent. from this date.

"June 12th, 1877.        GEORGE STRANGE, President."

In their complaint, the appellees alleged, that the appellant, by George Strange, its president, "agreed, by endorsement on said note, to pay" the appellees "interest thereon at the rate of ten per cent. per annum after the 12th day of June, 1877," and that the note was due and wholly unpaid.

The appellant demurred to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling the appellant excepted.

The appellant then answered in two paragraphs, in substance as follows :

1. For answer to $500.00 of the appellees' complaint, the appellant said that the note in suit was given by the appellant for a job of constructing 320 rods of its turnpike ; that the appellees undertook and agreed to grade said pike, by grading down the hills on the line of their contract, as much as practicable, and to make a good and sufficient grade, and to make and clear out the ditches on each side of said grade, so as to carry the water off the said road, and to construct good culverts of heavy oak lumber, and make them of sufficient capacity to carry away the water which ran across said road, and the water which fell upon said road, to the extent of their line of said road, which they contracted to make and construct ; that the appellees undertook to remove the stumps on the line of road so constructed by them ; that the appellees had not made the grade as contracted ; that the grade was not thrown up to the height agreed upon ; that the hills had not been graded down at all ; that the ditches made by them were not of sufficient capacity to carry off the water falling and being on the road ; and that the culverts had

been improperly constructed, in this, that the material used in making the same was unsound and decayed, and that the same were not made of sufficient capacity to carry away the water crossing said road, upon the line of their contract, which said work the appellant settled for, upon the appellees' representations that it had been done properly. Wherefore, by reason of the premises, the appellant had suffered damages in the sum of $500.00, which the appellant asked might be set off against the sum found due on the note in suit.

2. That the appellant, prior to the time the note sued upon became due, promised and agreed that, from the 12th day of June, 1877, the said note should bear ten per cent. interest; that this agreement was made upon the consideration, referred to at the time, that the appellees were to wait upon the appellant and forbear to bring suit, in any court, to recover the amount of said note, until the 6th day of January, 1878; that the said contract was a mutual contract between the parties; and that, for this reason, the appellees ought not to maintain this action on said note. Wherefore, etc.

To the first paragraph of said answer, the appellees' demurrer, for the alleged want of sufficient facts therein, was sustained by the court, and the appellant excepted to this decision; and to the second paragraph of the answer the appellees replied by a general denial thereof.

The cause was tried by the court, and a finding was made for the appellees, in the sum of nine hundred and twenty-four dollars and seventy-eight cents, and the appellant's motions for a new trial, and in arrest of judgment, having been severally overruled by the court, and its exceptions saved to each of these rulings, judgment was rendered on the finding.

In this court, the following decisions of the court below have been assigned by the appellant as errors:

1. In overruling its demurrer to appellees' complaint;

2.  In sustaining appellees' demurrer to the first paragraph of its answer;

3.  In overruling its motion for a new trial; and,

4.  In overruling its motion in arrest of judgment.

The first and fourth of these alleged errors may be properly considered together, for each of them calls in question the sufficiency of the appellees' complaint, the first before, and the fourth after, the trial of the cause and the finding of the court therein. The only point made by the appellant's counsel, in discussing the sufficiency of the complaint, is, that it was not alleged therein that the indorsement on the note of the agreement to pay interest thereon at the rate of ten per cent. was in writing. Such an allegation would have been tautological; for the word "endorsement," as applied to a note, necessarily implies a writing on the back of the note. In Burrill's Law Dictionary, the word "endorsement" or "indorsement," is defined to be: "Any writing on the back of any instrument or paper." Besides, it was alleged in the complaint, that a copy of the indorsement was filed therewith, and this "copy" showed that the original thereof was in writing. In addition to this, we may remark, that even if the indorsement had not been in writing, if that were possible, the demurrer to the complaint for the want of facts would not have reached the objection of the appellant's counsel to the sufficiency of such indorsement. The note constituted a cause of action, good on the demurrer thereto, whether the indorsement thereon was valid or invalid; so that we may well conclude, as we do, that the court committed no error in overruling the demurrer to the complaint.

The second alleged error,—the sustaining of the demurrer to the first paragraph of the appellant's answer,—presents a more difficult question. It is evident, we think, from the allegations of this paragraph of answer, that the note in suit was executed by the appellant to the appellees after they had

completed their contract for the construction of a part of the appellant's road, as alleged in said paragraph, and in settlement of the amount then found to be due from the appellant to the appellees, on account of their said contract. It was alleged by the appellant, in this first paragraph of its answer, that the appellees had not made the grade of its road as they had contracted to make it, that they had not thrown up the grade to the height agreed upon, that the hills had not been graded down at all, that the ditches constructed by them were not of sufficient capacity to carry off the water from said road, and that the culverts constructed by them were made of unsound and decayed lumber, and were not of sufficient capacity to carry away the water crossing its road, upon the line of their said contract. Notwithstanding all these failures of the appellees to fulfil their said contract, the appellant gave them the note in suit, in settlement of said contract, upon their representations that their work had been done properly; and not only so, but six months after the completion of their work and the giving of said note in settlement of said contract, the appellant agreed and promised to pay them interest on said note at the rate of ten per centum per annum. The appellant did not allege in said paragraph of its answer, that it had no opportunity, by its officers and agents, to examine and inspect the appellees' work, or that it did not examine, inspect and receive said work, or that the appellees concealed, or attempted to conceal, from the appellant, the character and qualities of their work, or that, from any cause, the appellant or its officers or agents were deceived in regard to, or were ignorant of, the character, qualities or quantity of the appellees' work under their contract, before or at the time of the execution of the note in suit, or before or at the time of its agreement and promise to pay ten per cent. interest on said note. In the absence of any such allegations, and for the want

of them, we are clearly of the opinion, that the first paragraph of the answer did not state facts sufficient to constitute a defence to the note in suit, or to entitle the appellant to any relief, and that the demurrer thereto was correctly sustained.

Under the third alleged error,—the overruling of the motion for a new trial,—the only point made by the appellant's counsel in argument is, that the court erred in admitting in evidence the agreement endorsed on the note in suit,—that " This note is to bear interest at the rate of ten per cent., from this date, June 12th, 1877." It was alleged in the complaint, that the appellant, by its president, executed this agreement, and this allegation was not controverted by the appellant in any manner, either by an answer, with or without oath, or by the introduction of any evidence. The appellant did not in any manner, either by its pleadings or its evidence, call in question the sufficiency, the validity, or the consideration of its agreement endorsed on the note in suit. Certainly, under the issues joined in this case, the appellant could not, as it seems to us, make any valid or sufficient objection to the admission of said agreement in evidence.

The motion for a new trial was properly overruled.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.