Leedy *et al. v.* Nash *et al.*

## LEEDY ET AL. *v.* NASH ET AL.

PROMISSORY NOTE.—*Assignment by Endorsement.—Complaint.—Suit by Ward, on Note assigned to Guardian.—Defect of Parties Defendants.— Waiver.—Demurrer.—Executors and Administrators.*—In an action on a promissory note, against the maker, by one claiming under an assignment of the note, the complaint alleged that the payee had assigned the note " in writing," to A., the plaintiff's guardian, since deceased ; that such guardian had accepted such assignment in his capacity as guardian ; and that the plaintiff had attained majority. Copies of the note and assignment were made part of the complaint. The assignment read " For value received, I assign the *within* to " A , and was signed by the payee.

*Held,* on demurrer for not joining the payee as a defendant, that the complaint shows that the assignment was " by endorsement in writing."

*Held,* also, that, though the complaint was defective, on proper demurrer, for not joining the representatives of the decedent as defendants, such defect is not presented by demurrer for insufficiency.

*Held,* also, on demurrer for insufficiency, that the complaint shows a right of action in the plaintiff.

MISTAKE.—*Promissory Note.—Mortgage.—Reformation against Subsequent Purchaser.*—In an action on a promissory note, and to foreclose a mortgage on real estate, given to secure payment of the note, in which a subsequent purchaser of the mortgaged premises was a party defendant, the complaint alleged a mistake in omitting from the note the agreed rate of interest as expressed in the mortgage, which was on record prior to the conveyance to such defendant.

*Held,* on demurrer, that the plaintiff was entitled to reformation.

SUPREME COURT.—*Assignment of Error.—Good and Bad Paragraphs.*—An assignment of error, in the Supreme Court, questioning the sufficiency of a complaint containing one or more sufficient paragra•· ♦ is unavailable, though the remaining paragraphs be insufficient.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellants.

HOWK, J.—In this action, the appellees sued the appellants, in a complaint of three paragraphs.

The first paragraph counted upon a note and mortgage, executed by the appellant William J. Strieby, to one Alexander McLewis, and both bearing date on the 2d day of February, 1870. The note was for the sum of $100.00, and its payment was

secured by the mortgage given on certain real estate, particularly described, in Kosciusko county. In the first paragraph of their complaint, the appellees alleged that said note and mortgage were assigned by said McLewis to William Wilson; that, by such assignment, the said Wilson took the said note and mortgage as the guardian of the minor heirs of Frances E. Grose, deceased, and the same became the property of said minor heirs; that said William Wilson was then dead; that the appellees, Minnie M. Nash and Zilpha Howsington, were the said heirs of the said Frances E. Grose, deceased, and were then of full age and entitled to receive their estate, and the said note and mortgage belonged to them; that the said note was due and unpaid, except a certain credit endorsed thereon; that said mortgage was duly recorded in the recorder's office of said county, and after such record the said Strieby sold and conveyed the said real estate to the appellant Elias Leedy, who was then the owner thereof, subject to the lien of said mortgage; that the defendant Robert N. Faulkner had a junior mortgage on said real estate, and the defendant William E. Matchett claimed some interest therein, and they were both made defendants, that they might both set up their respective claims. Wherefore, etc.

In the second paragraph of their complaint, the appellees sued upon another note and mortgage, executed by said Strieby to said McLewis. The note was for $116.15, and was dated on February 12th, 1870; and the mortgage was dated on March 13th, 1871, and was given on the same real estate as that described in the first paragraph, to secure the payment of said note. This second paragraph contained substantially the same allegations as the first paragraph of the complaint, in regard to the assignment of said note and mortgage to said William Wilson, and the death of said Wilson, and the appellees' ownership of said note and mortgage under the assignment thereof to said

Wilson, their former guardian, their arrival at majority, the record of said mortgage, and the subsequent conveyance of said real estate to said Elias Leedy, etc. ; and the same parties were made defendants to the second as to the first paragraph of the complaint.

The third paragraph of the complaint counted upon the same note and mortgage that were sued upon in the second paragraph, and differed from the latter paragraph in its allegations, only in this : That it was alleged in the third paragraph, in addition to the matters stated in the second paragraph, that, by the mutual mistake of the parties thereto, the rate per cent. of interest, which the note in suit was to bear, was left blank therein and omitted therefrom ; that the parties had contracted and intended that the note should bear interest at the rate of ten per cent. per annum, but that, by mistake, the blank space in the note, for the rate of interest, was not filled up. In this third paragraph of their complaint, the appellees prayed for the reformation of the note, in regard to the rate of interest it was agreed that the note should bear, in addition to the other relief prayed for.

To each paragraph of the appellees' complaint, the appellant Elias Leedy separately demurred, which demurrers were severally overruled, and to these decisions he excepted, and then answered said complaint by a general denial thereof.

The defendant William E. Matchett answered in three paragraphs, setting up his claim as the assignee of a junior mortgage on the land mortgaged to the appellees, offering to redeem their mortgage, and praying judgment for the foreclosure of his said mortgage. To said Matchett's answers and cross complaint, the appellees and the appellant Leedy answered or replied by general denials. The defendants Strachby and Faulkner, though duly summoned, were called and made default.

The issues joined were tried by the court, and a finding was made for the appellees, on each of the paragraphs of their complaint, for the full amount claimed by them, and for the defendant Matchett, on his cross complaint, the full amount due him on the note described in his junior mortgage. The appellant Elias Leedy moved the court in arrest of judgment on the finding in favor of the appellees, and on the finding in favor of the defendant Matchett; which said motions were severally overruled by the court, and to each of these decisions the said Elias Leedy excepted. The court then rendered judgment upon and in accordance with its said finding, and from this judgment the said Elias Leedy has alone appealed to this court.

He has here assigned, as errors, the decisions of the court below in overruling his demurrers to each of the paragraphs of the appellees' complaint, and his motions in arrest of judgment, and that neither of the paragraphs of the cross complaint of the defendant Matchett stated facts sufficient to constitute a cause of action against him, said Leedy.

We will first consider and decide the questions presented and discussed by the appellant's counsel, arising under the alleged errors of the court in overruling the said Leedy's demurrers to the several paragraphs of the appellees' complaint. In doing this, we may properly remark in the outset, that the appellees' counsel have wholly failed to furnish this court with any brief or argument in support of the decisions of the court below. The appellant Leedy demurred to each paragraph of the appellees' complaint, upon two grounds of objection, to wit:

1. That it did not state facts sufficient to constitute a cause of action;

2. Because of a defect of parties defendants, in this, that the said Alexander McLewis should have been made

a defendant, in and to each paragraph, to answer as to his interest in the note sued on therein.

The second of these grounds of demurrer presents the question as to whether or not, under the allegations of each paragraph of the complaint, Alexander McLewis was a necessary party defendant thereto ; and this question will be first considered and determined. It will be seen, from our statement of the substance of the complaint, that Alexander McLewis was the payee of each of the notes sued upon by the appellees. In each of the paragraphs of their complaint, the appellees alleged that the note in suit therein was assigned in writing, by said Mc-Lewis, to William Wilson. This allegation was defective and insufficient, in this, that it did not show that the assignment of the note, by McLewis to Wilson, was "by endorsement in writing." In section 6 of the practice act, it is expressly provided, that " When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 R. S. 1876, p. 35.

The provisions of this section of the code are mandatory in their character, and it is clear therefrom, that when suit is brought on a claim arising out of contract, by the assignee thereof, his complaint must show that the claim in suit was assigned to him "by endorsement in writing," or his assignor must "be made a defendant to answer as to the assignment, or his interest in the subject of the action." Otherwise, the complaint will be bad, on a demurrer thereto for a defect of parties defendants, in that the assignor was a necessary defendant, under the requirements of the statute, and had not been made a defendant. This is the view which this court has uniformly taken of the provisions and requirements of said section 6, above quoted, of the

practice act. *Strong* v. *Downing*, 34 Ind. 300; *Shane* v. *Lowry*, 48 Ind. 205; *Clough* v. *Thomas*, 53 Ind. 24; *Reed* v. *Garr*, 59 Ind. 299; *Reed* v. *Finton*, 63 Ind. 288.

In the case last cited, it was said that if a copy of the alleged written assignment had been set out in the record, as a part of the record, we might have been able to determine therefrom whether or not such written assignment was made by an endorsement of the note; and it was intimated that if the record had thus shown that the assignment of the note had been made by an endorsement thereof, it would have sufficiently appeared that the assignor was not a necessary defendant, under the requirements of the statute. In the case at bar, the notes in suit by the appellees were both assigned on the same day, by said Alexander McLewis to William Wilson, and in the same formula of words. Copies of these assignments, in connection with copies of the notes, were made parts of the appellees' complaint, in the words and figures following, to wit:

"For value received, I assign the within to Wm. Wilson. March 15th, 1873.

(Signed,)                    "ALEXANDER McLEWIS."

It seems to us, that these assignments of the *within* notes, by their terms, clearly and conclusively showed that they were in writing on the back, or by endorsement, of said notes, and therefore it was not necessary, under the statute, that the assignor, McLewis, should be made a defendant to the appellees' action. It follows from what we have said, that, in our opinion, the second ground of said Leedy's demurrers to the complaint was not well taken, as to either paragraph thereof.

Under the first ground of said Leedy's demurrers to the several paragraphs of the appellees' complaint, it is insisted by the appellant's counsel, in argument, that neither of the said paragraphs stated facts sufficient to show a cause of action in favor of the appellees, upon the notes and mort-

gages in suit.   Each paragraph showed that the note sued on therein had been  assigned, by special endorsement, to William Wilson, and it did not show that said Wilson had assigned the note  in writing to the appellees  or any one else, by endorsement or otherwise.   In each paragraph of their complaint, however,  the appellees alleged, in substance, that the said Wilson, by such  special assignment, took  the note in  suit therein, as their guardian, and the same became their property and belonged  to  them ; and that, since such  assignment of  the  note, the  said Wilson had  died, and they, the appellees, had  arrived at  lawful age and were entitled to  receive their  estate.   By his demurrers for the want  of  sufficient facts,  the appellant Leedy  admitted the truth  of  these  allegations, and they showed very clearly, we think, that  the  appellees  owned the notes in suit, and were lawfully entitled to the money. It  seems  to  us  that  there  was  an  apparent  defect  of parties defendants in each paragraph  of  the complaint, in this, that  the  personal representatives of said  William Wilson, deceased, were proper, and perhaps necessary, defendants.   But this defect  could not  be  reached by a demurrer  for the want of  facts; it could only  be  reached by a demurrer on the ground of a defect of parties defendants, specifically pointing  out that the representatives of the decedent were proper and necessary defendants.   *Durham* v. *Bischof*, 47 Ind. 211 ; *Thomas* v. *Wood*, 61  Ind.  132 ; *Cox* v. *Bird*, 65 Ind. 277.   As this objection to  the  complaint was not taken by the appellant Leedy, by  a  demurrer assigning the proper cause of demurrer, he must be deemed, under section 54 of the practice act, to  have  waived  such objection.   2 R. S. 1876, p. 59.

Under the first  ground of  said Leedy's  demurrer, it is claimed by his counsel, that the third paragraph of the appellees' complaint was insufficient, as against  said Leedy, on another ground.   In this third paragraph, as we have

seen, the appellees sought to have an alleged mistake in one of the notes in suit corrected, and the note reformed by filling a blank therein with the rate of interest contracted for and agreed upon between the parties thereto. Counsel insist that this paragraph was bad, as against said Leedy, because it was not alleged therein that he had notice of the mistake in the note, at the time he purchased and took his deed of the mortgaged premises. It was alleged therein, however, that the mortgage given to secure said note was duly recorded in the recorder's office of said Kosciusko county, before said Leedy became the owner of the mortgaged real estate. He was bound, therefore, to take notice of the contents of said mortgage, as it appeared of record. *Colman* v. *Watson,* 54 Ind. 65 ; and *Gilchrist* v. *Gough,* 63 Ind. 576.

It did not appear, nor was it even claimed, that there was any mistake, either in the mortgage or in the record thereof. The mortgage recited that the note should bear interest at the rate of ten per cent. per annum, and the reformation of the note asked for was in conformity with the recital in the mortgage. A copy of the mortgage was filed with, and made a part of, the third paragraph of the complaint, and we think that it sufficiently appeared therefrom that said Leedy had notice of the fact that the note, by the agreement of the parties, was to bear interest at the rate of ten per cent. per annum.

In conclusion, we hold that the court did not err in overruling the said Leedy's demurrers to the several paragraphs of the appellees' complaint, or in overruling his motion in arrest of judgment in their favor.

The appellant Leedy has also assigned, as error, that neither of the paragraphs of the cross complaint of the defendant William E. Matchett stated facts sufficient to constitute a cause of action. It is settled by the decisions of this court, that such an assignment of error calls in

question only the sufficiency of the entire complaint, and not of each paragraph thereof; and that it will not be available for the reversal of the judgment, if the complaint contains one 'good paragraph. *Miller* v. *Billingsly*, 41 Ind. 489; *Kelsey* v. *Henry*, 48 Ind. 37; and *Caress* v. *Foster*, 62 Ind. 145.

Leedy's counsel have not, in their brief of this cause, discussed the sufficiency of the second paragraph of the cross complaint, and it seems to us to be good, beyond all doubt. The record shows that the court overruled said Leedy's motion in arrest of judgment on said cross complaint, because no grounds for such motion were pointed out. We fail to see any grounds whatever for arresting judgment in this case, on either the complaint or cross complaint. Both the motions in arrest of judgment were, we think, correctly overruled.

We find no error in the record of this cause.

The judgment is affirmed, at the costs of the appellant Elias Leedy.