Hill *v.* Shalter.

No. 7631.

## HILL *v.* SHALTER.

PROMISSORY NOTE.— *Assignment.— Pleading. — Complaint. — Demurrer.— Defect of Parties.*—In an action on a promissory note, by an assignee against the maker, the complaint alleged that such "note was endorsed and assigned by the payee to plaintiff."

*Held,* that such allegation was equivalent to the allegation that the note was assigned by endorsement thereon in writing. and the complaint, in that respect, was sufficient on demurrer for want of facts.

*Held,* also, that, if the assignment was not in accordance with the statute, the demurrer should have been for defect of parties.

From the Tipton Circuit Court.    ·

*J. W. Robinson,* for appellant.

*R. B. Beauchamp* and *G. H. Gifford,* for appellee.

MORRIS, C.—This suit is upon a promissory note. The complaint alleges that on the 1st day of April, 1878, the appellant executed a note payable to the order of Mayo & Shalter, for $289.34, at the Citizens National Bank, Indi-- anapolis ; that the payee endorsed and assigned the note to the appellee. The appellant demurred to the complaint on. the ground that it does not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and the appellant excepted. The ruling upon the demurrer is assigned for error.

The only objection urged to the complaint is, that it does. not show that the note was transferred in writing, as required by the statute. The averment in the complaint is, that said "note was endorsed and assigned by the payee to plaintiff." This averment is equivalent to an allegation that the note was assigned by endorsement thereon in writing, and clearly sufficient. The word "endorsed," as used, means a writing on the back of the note. *Cooper* v. *Drouillard,* 5 Blackf. 152. But, if the assignment was not in accordance with the statute, the demurrer, to be available, should, for cause, have stated. a defect of parties. *Reed* v. *Garr,* 59 Ind. 299.

We think it sufficiently appears from the record that the note was filed with and as a part of the complaint. The judgment ought to be affirmed.

PER CURIAM.—It is ordered·that the judgment below, upon the foregoing opinion, be, and the same is hereby, ·affirmed in all things, at the costs of the appellant.