No. 8650.

GORDON v. CARTER.

PLEADING.— *Parties.—Contract.— Assignment.—*A complaint on a written contract assigned in writing, but not by indorsement, is, under the statute (R. S. 1881, section 276), bad on demurrer, unless the assignor be made a defendant thereto.

From the Howard Circuit Court.

*M. Bell, M. McDowell* and *J. W. Sansberry*, for appellant.
*N. R. Linsday* and *H. D. Thompson*, for appellee.

NIBLACK, J.—This action was commenced by Samuel Carter in the Madison Circuit Court, and, upon a change of venue, was transferred to the court below.

The complaint charged, that in December, 1875, the defendant, Norman Gordon, and one Marshall Cade entered into a contract in writing, by which the said Cade sold and agreed to deliver to the defendant, at Indianapolis, on or about the first half of September, 1876, two hundred smooth, merchantable, well corn-fatted hogs, to weigh not less than two hundred and fifty pounds gross weight, and to be delivered upon three days' notice at one of two named places in Indianapolis, at the option of the defendant, and by which the defendant agreed to pay said Cade, upon the delivery of such hogs, $7 for each hundred pounds gross weight, which the hogs should weigh; that Cade had performed all the conditions of said contract on his part, and had, at the city of Indianapolis, and at one of the places named in the contract, on the 14th day of September, 1876, tendered to the defendant two hundred hogs of the kind and quality described in the contract, which hogs he, the defendant, refused to accept and to pay for as he had obligated himself to do. The complaint further charged, "that said Marshall Cade, on the 30th day of November, 1877, by his agreement in writing, which is filed herewith, assigned and transferred to this plaintiff the said within contract made and executed by him and said de-

fendant, and all his interest in the same, and all damages arising therefrom." A copy of the contract was filed with the complaint, but no agreement or copy of an agreement in writing, purporting to either assign or transfer the contract to the plaintiff, was filed with it.

The defendant demurred to the complaint:

First. For want of sufficient facts to constitute a cause of action;

Second. For defect of parties defendants in this, that Marshall Cade should have been made a defendant in the action.

His demurrer was, however, overruled. Issue being joined, the court tried the cause. There was a finding for the plaintiff, assessing his damages at $581.90, and judgment against the defendant for that sum.

The first question presented here is, Did the court below err in overruling the demurrer to the complaint?

In the argument of that question, the appellant maintains that, upon the facts stated, Cade was a necessary party defendant to the action, and that, for that reason, if for no other, the demurrer ought to have been sustained to the complaint.

Section 6 of the code of 1852, which was in force when this action was commenced, provided, that "When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 R. S. 1876, p. 35.

As has been seen, the complaint did not aver that the contract, counted upon in this case, was assigned and transferred to the appellee by an "endorsement in writing." The inference would rather seem to be that the assignment and transfer relied upon was by an instrument in writing separate and distinct from the contract.

Upon the facts, as stated in the complaint, Cade ought to have been made a defendant to the action, and the demurrer, for want of proper parties defendants, should have been sustained. *The Greensburgh, etc., T. P. Co.* v. *Sidener,* 40 Ind. 424;

*Clough* v. *Thomas,* 53 Ind. 24; *Nicholson* v. *The L., N. A. & C. R. W. Co.,* 55 Ind. 504; *Reed* v. *Garr,* 59 Ind. 299; *Reed* v. *Finton,* 63 Ind. 288; *The Marion, etc., G. R. Co.* v. *Kessinger,* 66 Ind. 549; *Leedy* v. *Nash,* 67 Ind. 311.

We have not considered whether the complaint was, in other respects, sufficient. Nor need we inquire whether, upon the evidence, a new trial ought to have been granted.

For error in overruling the demurrer to the complaint the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.