No. 11,434.

## CLEMANS v. KERSTELLER.

PROMISSORY NOTE.—*Mortgage.*—*Assignment of.*—*Pleading.*—In an action by an assignee upon a note and mortgage, an averment in the complaint that the payee "sold and assigned in writing said note and mortgage to this plaintiff, which endorsement by" the payee "is in these words, to wit," followed by copies of the written endorsement upon the note and mortgage, is equivalent to an averment that the note and mortgage were "assigned by endorsement in writing," and is, therefore, a sufficient averment of the right of the assignee to maintain the action.

From the Kosciusko Circuit Court.

*A. Clemans* and *C. Clemans*, for appellant.

ZOLLARS, J.—Appellant appeals from a judgment upon a note and a decree foreclosing a mortgage given to secure the same. The sufficiency of the complaint is called in question for the first time by an assignment of error in this court that it does not state facts sufficient to constitute a cause of action in favor of appellee, as the endorsee of the note and mortgage. It was held in the case of *Reed* v. *Garr*, 59 Ind. 299, cited by appellant, that the statement "assigned in writing" is not equivalent to the averment "assigned by endorsement in writing," but that is not this case. Here it is clearly shown that the note and mortgage were assigned to appellee by endorsement in writing. The averments are: "That afterwards said Minnich (payee) sold and assigned in writing said note and mortgage to this plaintiff, which endorsement by said Minnich is in these words, to wit: F. V. B. Minnich, on the note; and on the mortgage as follows." Here follows a full and complete assignment and endorsement on the mortgage. These averments, we think, are entirely sufficient. We make no ruling as to whether or not the assignment of error properly presents the question here decided.

As no other defect in the complaint is pointed out or suggested, the judgment is affirmed, with costs.

Filed Nov. 24, 1884.