Eichelberger v. The Old National Bank.

Filed Oct. 31, 1885.

---

No. 11,913.

EICHELBERGER *v.* THE OLD NATIONAL BANK.

PROMISSORY NOTE.—*Action by Endorsee.—Complaint.—Copy of Endorsement.* —It is necessary in a complaint against the endorser of a promissory note, upon the endorsement, to set out a copy of the endorsement, but not necessary where the action is against the maker.

SAME.—*Averment of Title.*—The plaintiff may show title in himself by an averment that the note was endorsed to him.

SAME.—*Sufficiency of Endorsement.—Defect of Parties.—Assignment of Errors.— Practice.*—If an endorsement is not sufficient, the question must be presented by demurrer for defect of parties; it can not be raised by an attack upon the complaint in the assignment of errors.

SAME.—*Bona fide Holder not Affected by Notice to Endorser.*—Where the holder of a promissory note payable in bank acquires it in good faith, for value,

Eichelberger v. The Old National Bank.

before maturity and without notice, his rights are not affected by notice to his endorser of a defence thereto.

SAME.—*Fraud.*—*Burden of Proof.*—Where the maker of a promissory note shows that it was obtained from him by fraud, the burden is upon the party seeking to enforce its payment to show that he acquired it for value, before maturity and without notice.

SAME.—*Signing Note in Blank.*—Where one signs a note in blank, leaving the principal debtor to fill in the amount that may be found due the payee on a settlement, the amount justly due the latter, although greater than represented, may be inserted without fraud.

SUPREME COURT.—*Weight of Evidence.*—*Practice.*—A judgment will not be reversed upon conflicting evidence.

From the Jay Circuit Court.

*T. Bosworth* and *O. H. Adair*, for appellant.

*D. T. Taylor, J. M. Smith* and *T. Bailey*, for appellee.

ELLIOTT, J.—The appellant argues that the appellee's complaint is bad, for the reason that it does not set out a copy of the endorsement to the appellee of the promissory notes sued on.

The argument proceeds upon an assumption that can not be maintained. It is not true, as assumed, that a plaintiff who sues the maker of a promissory note is bound to set out a copy of the endorsement to him. This is necessary where the action is against the endorser upon the endorsement, but it is not necessary where the action is against the maker.

It is essential that the plaintiff in an action upon a promissory note should show title in himself, but this he may well do, without setting out a copy of the endorsement, by an averment that the note was endorsed to him. *Hill* v. *Shalter*, 73 Ind. 459; *Cooper* v. *Drouillard*, 5 Blackf. 152.

If an assignment or endorsement is not sufficient, the question must be presented by demurrer, assigning for cause a defect of parties; it can not be presented by an attack upon the complaint in the assignment of errors. *Hill* v. *Shalter, supra; Reed* v. *Garr*, 59 Ind. 299.

The promissory notes upon which the complaint is founded were payable in bank, and are, therefore, commercial paper,

protected in the hands of a *bona fide* endorsee. It is immaterial whether the immediate endorser of the *bona fide* holder did or did not have notice of the maker's defence, for, if the holder acquired them for value, in good faith, before maturity and without notice, his rights are not affected by the notice to his endorser.

Where the maker of a promissory note shows that it was obtained from him by fraud, it devolves upon the party seeking to enforce its payment to show that he paid value for it, took it before maturity, and without notice of the maker's defence. *Harbison* v. *Bank, etc.,* 28 Ind. 133 ; *Zook* v. *Simonson,* 72 Ind. 83 ; *Baldwin* v. *Fagan,* 83 Ind. 447 ; *Mitchell* v. *Tomlinson,* 91 Ind. 167 ; *Hinkley* v. *Fourth Nat'l Bank,* 77 Ind. 475.

We think the evidence does not affirmatively show that the plaintiff purchased the note for value, before maturity and without notice.

While we think the evidence fails to show affirmatively that the appellee acquired the note for value, before maturity and without notice, we can not reverse the judgment; for we can not hold that the finding of the trial court was not right on the evidence. We have carefully read the evidence, and are satisfied that it fails to show that any fraud was practised upon the appellant. He entrusted the notes signed in blank to the principals, and knew that they were to be filled with whatever amount was found due the payees on settlement. It may be true that the principal debtors represented to him that the amount would not exceed five hundred dollars ; but, granting this, still, neither they nor the payee would be guilty of fraud in inserting the amount justly due. But we need not pursue the investigation upon this point, for it has been many times decided that where there is a conflict of evidence the court will respect the judgment of the trial court, and act upon the evidence which that court deemed credible. *Arnold* v. *Wilt,* 86 Ind. 367 ; *Giles* v. *Canary,* 99 Ind. 116 ; *Pitcher* v. *Dove,* 99 Ind. 175, p. 176 ; *Union School Tp.* v. *First Nat'l*

*Bank,* 102 Ind. 464. Acting upon this principle we must hold that the judgment can not be reversed upon the evidence.

Judgment affirmed.

Filed Oct. 31, 1885.