No. 1,863.

## Stewart *v.* Fralich et al.

Action.— *Party  Defendant.— Assignor.— Endorsement.* — The fact that the assignment of an account is in writing upon the same paper, which contains a statement of the account, does not make it an endorsement in writing, within section 277, R. S. 1894, providing that the assignor shall be made a defendant in an action brought by the assignee of a claim arising out of a contract and not assigned by endorsement in writing.

Same.—*Book Account.—Assignment.—Assignor a Necessary Party Defendant.*—An open or book account cannot be endorsed in writing so as to make it unnecessary to make the assignor a party, under section 277, R. S. 1894, requiring him to be made a defendant in an action by the assignee upon a claim arising out of a contract and not assigned by endorsement in writing.

From the Shelby Circuit Court.

*Hord & Adams*, for appellant.

*Morgan & Morgan* and *Adams & Carter*, for appellees.

Lotz, J.—The appellees were the plaintiffs and the appellant the defendant in the court below. The complaint was in three paragraphs. A demurrer for defect of parties defendant was overruled to each. The cause was put at issue and tried by a jury, which returned a general verdict in favor of the appellees, in the sum of

Stewart *v.* Fralich *et al.*

$200, upon which the judgment was subsequently rendered.

With the general verdict the jury returned answers to interrogatories, from which it appears that the general verdict rests upon the first paragraph of the complaint, and that as to the second and third paragraphs the finding was for the defendant.

The appellant has assigned as error in this court the overruling of the demurrer to each paragraph of the complaint. As the jury found for the appellant on the second and third paragraphs, the rulings on the demurrer thereto are rendered harmless. This leaves for our consideration only the rulings on the demurrer to the first paragraph.

It is averred in this paragraph that the defendant was indebted to Short and Matlock in the sum of $300.000; balance due on account for timber and merchandise sold and delivered to the defendant at the defendant's instance and request; that Short, for value received, assigned his interest in the account to Matlock by endorsement in writing on said account; that Matlock subsequently, for value, assigned his interest in the account to the plaintiffs, by endorsement in writing on said account. An itemized statement of the account, and the assignments written thereon, are made exhibits to the complaint. The demurrer states that Matlock and Short are necessary parties defendant.

By the code every action (excepting in a few particular cases) must be prosecuted by the real party in interest. Section 251, Burns R. S. 1894; section 251, R. S. 1881. And by section 277, Burns R. S. 1894 (section 276, R. S. 1881), it is further provided that, ''When an action is brought by the assignee of a claim arising out of contract and not assigned by endorsement in writing, the assignor shall be made a defendant to answer as to the assign-

ment or his interest in the subject of the action." By another section of the statute promissory notes, bills of exchange and other contracts signed by any person who promises to pay money, or to do any particular thing, are made negotiable by endorsement thereon, so as to vest the property thereof in each endorsee successively. Section 7515, Burns R. S. 1894; Section 5501, R. S. 1881.

The decided cases all agree that any claim arising out of contract, whether it be a promissory note or open account, may be assigned without endorsement, in writing, and that when so assigned the assignee obtains an equitable interest therein, and may sue and recover in his own name. *McCoy* v. *Oldham*, 1 Ind. App. 372.

It is equally well settled that if the assignee of a contract not assigned by endorsement, although in writing, bring suit thereon, he must make the assignor a party defendant to answer as to his interest. Section 277, *supra; Overstreet* v. *Freeman*, 12 Ind. 390.

The claim in this suit arose out of contract, and was assigned in writing, the contract itself was not in writing. The statutes providing for the assignment of contracts by endorsement in writing contemplate only such contracts that have been reduced to writing. An open account, or a book account, is but a statement of account reduced to writing by one of the parties. It does not contain any promise to pay or promise to do anything. It is not a contract in the same sense of a written instrument signed by an obligor. The contract exists independently of the statement. The contract exists in parol, and is incapable of endorsement in the strict legal sense of that term. One party cannot arrange the items of account on a paper and make it the contract of the other party. A promissory note

Stewart *v.* Fralich *et al.*

cannot be endorsed except by writing thereon, or on a paper attached thereto. *French* v. *Turner,* 15 Ind. 59. Any contract may be assigned in writing. But assignment and endorsement are not equivalent or synonymous terms. There is a marked difference between them. *Bascom* v. *Toner,* 5 Ind. App. 229 ; *Reed* v. *Finton,* 63 Ind. 288. The averment "assigned in writing" is not equivalent to "assigned by endorsement in writing." *Reed* v. *Garr,* 59 Ind. 299. The assignment of a note by a separate writing on a separate paper is not an endorsement. It is only equivalent to an equitable assignment, and in a suit thereon the assignor must be made a party defendant. *Strong* v. *Downing,* 34 Ind. 300.

If it is necessary to make the assignor of a note a party under such circumstances, surely it is necessary to make the assignor of an account a party under similar circumstances.

The mere fact that the assignment is in writing, and upon the same paper which contains a statement of the account, does not make it an endorsement in writing in the strict meaning of the term.

Judgment reversed, with instructions to sustain the demurrer to the first paragraph of complaint, and for further proceedings in accordance with this opinion.

Filed January 29, 1896.