CARSKADDON ET AL. *v.* PINE ET AL.

[No. 18,782. Filed March 30, 1900.]

BILLS AND NOTES.—*Action by Assignee.—Complaint.—Allegation as to Assignment.*—An allegation in a complaint on a promissory note that the note was assigned by the payee to plaintiff, was not equivalent to an allegation that the payee assigned the note by indorsement in writing. *pp. 411, 412.*

SAME.—*Action by Assignee.*—The payee of a promissory note must be made a defendant in an action on the note by an assignee thereof where it is not alleged that the payee assigned the note to plaintiff by indorsement in writing. *pp. 411, 412.*

APPEAL AND ERROR. — *Defect of Parties. — Waiver.*— A defect of parties appearing on the face of a complaint which is not taken advantage of by demurrer in the court below is waived. *p. 412.*

SAME.—*Defect of Parties.*—An assignment of error on appeal that the complaint does not state facts sufficient to constitute a cause of action presents no question concerning a defect of parties plaintiff or defendant. *p. 412.*

SAME.—*Bill of Exceptions.*—A bill of exceptions purporting to contain the evidence presented to and signed by the judge in vacation is not a part of the record, where it is not shown by order-book entry contained in the transcript that time was given to present a bill of exceptions. *p. 412.*

Carskaddon v. Pine.

From the St. Joseph Circuit Court.  *Affirmed.*

*Stuart McKibben*, for appellants.
*A. L. Brick* and *F. H. Dunnahoo*, for appellees.

Monks, J.—Appellee, Pine, sued appellants, Carskaddon and wife, to foreclose a mortgage on real estate, and to recover a personal judgment against Carskaddon on the promissory notes secured thereby.  The cause was tried by the court, a special finding of facts made, and conclusions of law stated thereon against appellants, and over a motion for a new trial a judgment on said note and decree foreclosing said mortgage was rendered.

The errors assigned and not waived are:  (1)  The complaint does not state facts sufficient to constitute a cause of action; (2)  the court erred in overruling the motion for a new trial.

The notes and mortgage sued upon were executed to Hester Baramore, and appellants insist that the complaint is fatally defective because the manner in which the notes were assigned was not alleged.  It is alleged in the complaint that after the execution of said notes the payee "assigned said notes to Leighton Pine, plaintiff herein, and that he is now the owner of the same."

Section 277 Burns 1894, §276 R. S. 1881 and Horner 1897, provides that "When an action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action."

The allegation that the notes were assigned by the payee to appellee Pine is not equivalent to an allegation that the payee "assigned said notes by indorsement in writing", or that the payee "indorsed said notes to said appellee."  As it was not alleged in the complaint that said notes were assigned by indorsement by the payee thereof to appellee Pine, said section required that the payee be made a defendant to said

action. Woollen's Tr. Proc. §§597, 603; *Eichelberger* v. *Old Nat. Bank,* 103 Ind. 401; *Gordon* v. *Carter,* 79 Ind. 386; *Reed* v. *Finton,* 63 Ind. 288; *Reed* v. *Garr,* 59 Ind. 299; *Clough* v. *Thomas,* 53 Ind. 24; *Keller* v. *Williams,* 49 Ind. 504; *Nelson* v. *Johnson,* 18 Ind. 329.

The defect of parties appearing on the face of the complaint and not having been taken advantage of by demurrer in the court below, is waived. Section 346 Burns 1894, §343 R. S. 1881 and Horner 1897. 1 Woollen's Tr. Proc. §§597, 603, 1632; *Clough* v. *Thomas,* 53 Ind. 24, 26; *Shirts* v. *Irons,* 54 Ind. 13; *Bray* v. *Black,* 57 Ind. 417; *Groves* v. *Ruby,* 24 Ind. 418, and cases cited; *Strong* v. *Downing,* 34 Ind. 300; Thornton's Ind. Pr. Code, §276, and note 1.

A demurrer to a complaint for want of facts, or an assignment of error in this court that the complaint does not state facts sufficient to constitute a cause of action, presents no question concerning a defect of parties plaintiff or defendant. *Strong* v. *Downing, supra; Shane* v. *Lowry,* 48 Ind. 205; *Bray* v. *Black,* 57 Ind. 417; *Browning* v. *Smith,* 139 Ind. 280, 290, 291; 1 Woollen's Tr. Proc., §§603, 1632, and cases cited.

The questions presented by the motion for a new trial depend for their determination upon the evidence which appellee Pine insists is not a part of the record. The bill of exceptions, which purports to contain the evidence, was presented to and signed by the judge in vacation, and was afterwards filed in the clerk's office. As it is not shown by any order-book entry contained in the transcript that time was given to present a bill of exceptions, the same is not a part of the record. Ewbank's Manual §33, p. 46; *Campton* v. *State,* 140 Ind. 442, 445; *Johnson* v. *Ballard,* 148 Ind. 181, 182, 183, and cases cited; *Hancher* v. *Stephenson,* 147 Ind. 498; *Robards* v. *State,* 152 Ind. 294.

Finding no available error in the record judgment is affirmed.