4  522
134  348

BUSH *v*. SEATON and Another.

Possession of a promissory note, not indorsed, is *prima facie* evidence of ownership, and *prima facie* entitles the possessor to payment.

Where the payee of a note, having transferred it to another person by delivery, afterwards receives payment of the note, the equitable owner may recover from him the money, in an action for money had and received.

The admissibility of evidence need not be examined, where, without regard to it, the other evidence fully sustains the judgment.

APPEAL from the *Fayette* Circuit Court.

Nov. Term,
1853.

Bush
v.
Seaton.

Friday,
December 16.

Perkins, J.—Assumpsit for money had and received, &c., by *Seaton* and *Holman* against *Bush*. Plea, the general issue. Trial by the Court without a jury, and judgment for the plaintiff.

It appears that *Seaton* and *Holman* were in possession of a note given by *Jabez Harrison* to *Joshua Bush*, which note was without an assignment by indorsement thereon from *Bush;* that *Harrison*, who, as did *Bush*, resided in *Fayette* county, died; that an administrator, in that county, was appointed upon his estate; that *Seaton* and *Holman*, who lived out of that county, enclosed said note to the clerk's office of *Fayette* county, to be filed as a claim against said estate; that the estate was settled up, the debts paid, and no one being present at the time to receive the money on this note, it was placed in the clerk's office, as allowed to *Bush*, he being the payee. *Bush* never had pretended to have any claim against the estate of *Harrison;* but learning that this money was lying in the clerk's office, as above stated, he came in and obtained it from the clerk. This suit was instituted to recover it back, and sustained below.

The action for money had and received, being an equitable one, will lie in a case like the present.

The question is, were *Seaton* and *Holman* bound to prove that *Bush* had actually sold the note, it not being indorsed by him? We think not. Possession was *prima facie* evidence of ownership, and *prima facie* entitled the possessors to the money on the note. In this case, the *prima facie* claim of the plaintiffs is strengthened by the circumstance that *Bush* never set up any pretence, during the whole period the estate was undergoing settlement, to a demand against it.

We think, on the facts above stated, the judgment below was right.

It may be remarked, that *Seaton* and *Holman* were not the first purchasers of the note from *Bush*, and that it was proved by that purchaser that *Bush* did sell and receive full pay for the note; and the manner, all regular,

in which it passed to *Seaton* and *Holman*, was shown; but the evidence was objected to on the ground of interest.

As the evidence was not necessary to justify the judgment given, it is unimportant whether it was correctly admitted or not; and, hence, we shall decide nothing on the point of its admissibility.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*S. W. Parker*, for the appellant.

*J. A. Fay* and *C. H. Test*, for the appellees.