### AYRES, RECEIVER, v. FOSTER.

[No. 3,213.   Filed June 19, 1900.]

RECEIVERS.—*Authority to Sue.—Pleading.—Evidence.*—Where the authority of the plaintiff to sue the defendant receiver was not properly questioned by answer, it was not necessary that such authority be shown in evidence on the trial of the cause. *p. 101.*

BILLS AND NOTES. — *Party in Interest.—Burden of Proof.* — The holder of a note is *prima facie* the owner thereof, and entitled to sue upon it, and the burden of showing that he is not the real party in interest, as well as of showing payment, is upon the defendant in the event of a suit by the holder. *p. 101.*

PRACTICE.—*Defect of Parties.—Waiver.*—Objection to a complaint on account of defect of parties, if not made ground of dumurrer, or set up by way of answer in abatement, is waived. *p. 101.*

From the Huntington Circuit Court.   *Affirmed.*

*J. B. Kenner, U. S. Lesh* and *T. G. Smith,* for appellant.
*R. A. Kaufman* and *J. C. Branyan,* for appellee.

BLACK, J.—The appellee recovered judgment against the appellant as receiver of the Huntington County Agricultural Society upon the the non-negotiable promissory note of the society, payable to the order of Susan F. Thompson and Melissa Thompson, who, it was stated in the complaint, assigned it before maturity by indorsement on the back thereof, for a valuable consideration, as follows: "Without recourse on us or either of us," signed by the payees. There was an answer in three paragraphs, the first being the general denial. In the second, the appellant alleged payment, and in the third, as substituted on the trial, the original being lost, that the appellee was not the owner of the note. The appellee replied to the second paragraph of

answer by a general denial, and to the third, that one John M. Hargrove assigned the note to the appellee for a valuable consideration prior to the commencement of the action, that the appellee had owned and held it ever since, and that it is due, owing, and unpaid to him or any one for him.

No question is presented upon any of the pleadings. The assigned error argued by counsel is the overruling of the appellant's motion for a new trial, the only cause for a new trial, recognized as such by the statute, discussed here, being that the verdict was not sustained by sufficient evidence.

The complaint showed the appointment of the appellant as receiver by the court below and that he had qualified as such; and it was alleged in the complaint that, on, etc., the appellee obtained an order from that court duly authorizing and permitting him to sue the appellant as such receiver on said note.

It is claimed on behalf of the appellant that it was necessary, not only thus to allege authority to bring suit against the receiver, but also to prove upon the trial the granting of such authority. That the averment of such authority in the complaint was necessary is a settled rule of pleading, where the defendant is not a receiver appointed by a court of the United States. *Keen* v. *Breckenridge,* 96 Ind. 69; *Wayne Pike Co.* v. *State,* 134 Ind. 672; *Peirce* v. *Chism,* 23 Ind. App. 505.

It is provided by statute, §368 Burns 1894, §365 Horner 1897, that pleadings denying the jurisdiction of the court or in abatement of the action, and all dilatory pleadings, must be supported by affidavit; and the character or capacity in which a party sues or is sued, and the authority by virtue of which he sues, shall require no proof on the trial of the cause, unless such character, capacity or authority be denied by a pleading under oath, or by an affidavit filed therewith, and that an answer in abatement must precede, and can not be pleaded with, an answer in bar, and the issue thereon must be tried first and separately.

The want of authority to sue from the court by which the receiver was appointed would be matter in abatement; and the authority of the appellee to sue not having been questioned properly in pleading, it was not necessary that it should be shown in evidence.

Assuming, without deciding, that the question whether the appellee was the owner of the note and therefore the real party in interest was put in issue, the determination of the jury thereon can not be disturbed. This is true also of the question whether or not the note had been paid.

The possession of a promissory note by a reputable person other than the payee is *prima facie* evidence of ownership and of the authority of such person to collect the note, whether it has or has not been indorsed by the payee in writing. *Paulman* v. *Claycomb,* 75 Ind. 64; *Bush* v. *Seaton,* 4 Ind. 522.

The appellee, being the holder of the note, was *prima facie* the owner thereof and entitled to sue upon it, and the burden of showing that he was not the real party in interest, as well as of showing payment, was upon the appellant; and it can not be said that the jury had no foundation for the conclusions reached upon these questions.

The appellant requested the court and the court refused to instruct the jury that if they should find from the evidence that the appellee claimed that John Hargrove owned the note in suit, and while such owner assigned it to the appellee, but such assignment was not by written indorsement on the note, and said Hargrove was not a party to the action, the jury should find for the appellant.

If the failure to make such assignor a defendant constituted a defect of parties, as to which we need not decide, the appellant could not thus make the defect available; for such defect if not made a ground of demurrer or set up by an answer in abatement, is waived. §342 Burns 1894, §339 Horner 1897, cl. 4; §346 Burns 1894, §343 Horner 1897; *Strong* v. *Downing,* 34 Ind. 300; *Hill* v.

*Shalter,* 73 Ind. 459; *Thomas* v. *Wood,* 61 Ind. 132; *Lee* v. *Basey,* 85 Ind. 543; *Shane* v. *Lowry,* 48 Ind. 205; *Clough* v. *Thomas,* 53 Ind. 24; *Atkinson* v. *Mott,* 102 Ind. 431; *Carico* v. *Moore,* 4 Ind. App. 20.

Judgment affirmed.