# INDIANAPOLIS STREET RAILWAY COMPANY *v.* LAWN.

[No. 4,345.  Filed February 25, 1903.]

STREET RAILROADS. —*Injury to Passenger.—Contributory Negligence.*— Where in an action against a street railway company for injuries sustained by a passenger while attempting to get off the car, it appeared from the evidence that the car stopped for the purpose of discharging passengers, and before plaintiff alighted started again, the question of plaintiff's contributory negligence in continuing her attempt to alight after the car had started was properly submitted to the jury. *pp. 516, 517.*

EVIDENCE.—*Street Railroads.—Personal Injuries.—Appeal and Error.*— A judgment against a street railroad company for personal injuries can not be sustained on appeal, where there was no evidence, positive or circumstantial, that defendant owned or operated the road. *pp. 517, 518.*

APPEAL AND ERROR.—*Bill of Exceptions.—Signature of Judge.—Designation of Court.*—A bill of exceptions is not fatally defective because

signed by the judge as "Judge of the Marion Superior Court," instead of "Judge of the Superior Court of Marion County." *pp. 518, 519.*

EVIDENCE.—*Judicial Notice.*—The Appellate Court takes judicial notice that a certain named person was one of the judges of the superior court of a county from which an appeal was taken at the date of the signing of the bill of exceptions. *p. 519.*

From Superior Court of Marion County; *J. L. Mc-Master*, Judge.

Action by Mary Lawn against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. Winter, Clarence Winter* and *W. H. Latta,* for appellant.

*P. W. Bartholomew* and *R. F. Stuart,* for appellee.

COMSTOCK, J.—Appellee brought this action to recover damages for personal injuries alleged to have been received by her by the negligent starting of one of appellant's cars while she was alighting therefrom. The complaint was in one paragraph, and charged that the car upon which appellee was a passenger had stopped upon her signal at the corner of Washington and California streets, in the city of Indianapolis, for her to alight, and that while she was in the act of alighting, and had stepped, or was about to step, upon the running-board of such car, it was negligently and suddenly started, whereby she was thrown to the street and injured. A general denial was filed, and the cause submitted to a jury, which returned a verdict in favor of appellee for $1,000.

The error assigned is the overruling of appellant's motion for a new trial, and the reasons relied upon for a new trial are: (1) That the verdict of the jury is not sustained by sufficient evidence; (2) that the court erred in refusing to give instruction number one, requested by the defendant; and (3) in giving instruction number ten. Said instructions are as follows: "(1) If the car upon which the plaintiff was riding stopped at California street

for passengers to get off, and started again before the plaintiff got off, and while she was still safely on the car, and if thereafter plaintiff voluntarily alighted or attempted to alight from the car, and while it was in motion, and was thereby injured, then she can not recover in this action."

"(10) If you find from the evidence that the car stopped at the corner of the streets named for the purpose of discharging passengers, and that while it was stopped the plaintiff arose from her place, and was attempting to alight therefrom, but further find that the car was again started while plaintiff was attempting to alight therefrom, and you further find that at the time the car was started the plaintiff was in a safe position on the car, but the plaintiff continued her attempt to alight therefrom, and that this continued attempt to alight was the cause of or contributed to her injury, then it is for you to determine whether plaintiff exercised reasonable care in continuing her attempt to alight after the car was again in motion. If she failed to exercise reasonable care or prudence in this respect, and such failure contributed to her injury, then she can not recover, even though you should believe the defendant's servants in charge of said car were negligent in starting said car."

There was no error in refusing the one nor in giving the other of these instructions. Instruction number one was too broad. It took from the jury the right to determine the question of contributory negligence under proper instruction. Instruction ten fairly submitted to the jury the question of contributory negligence of appellee.

In support of the reason for a new trial,—that the verdict is not sustained by sufficient evidence,—it is pointed out that there is no evidence that the defendant (appellant) existed, or that it owned or operated any street railroad; in fact that there is no mention of the appellant in the evidence; no evidence which connects or tends to connect appellant with appellee's injury.

A failure to prove that the defendant corporation owned or operated the road or car in question must be fatal to appellee's cause. The general denial filed by the appellant put every material fact in issue. "A material fact, not admitted, can be established in courts of justice in no other way than by evidence. Such evidence may be direct and positive, or it may be circumstantial. * * * That the fact is well known and readily proved, does not excuse the party on whom the burden rests from making proof of such fact." Citizens St. R. Co. v. Stockdell, 159 Ind. 25. In the case cited the evidence tending to show the existence of the defendant corporation was stronger than in the case at bar, but by the Supreme Court it was held insufficient. See, also, City of Indianapolis v. Crans, 28 Ind. App. 584. There is no evidence, positive or circumstantial, showing that appellant owned or operated the road or car on which appellee was a passenger.

Appellee claims that the evidence cannot be considered, because there is no bill of exceptions containing it properly in the record. This claim is based upon the fact, as stated in appellee's brief, that "what appears to be a bill of exceptions containing the evidence in this case is signed by a person by the name of John L. McMaster, and he is designated as judge of the Marion Superior Court. There being no such court in Indiana, he can not be the judge thereof; and if there was such a court known to our law, yet there is no seal of any court attached thereto to authenticate it." The file mark of the clerk shows the filing of the bill of exceptions containing the evidence. The caption of the bill of exceptions containing the evidence is as follows: "State of Indiana, Marion County, ss. In the Superior Court." It bears the file mark of George B. Elliott, clerk. The filing of the transcript in the clerk's office by the official reporter is signed by George B. Elliott, clerk, at the conclusion of the evidence following the certificate of the official reporter of the Superior Court of Marion County,

Indiana. The bill of exceptions is signed, as stated by appellee, "John L. McMaster, judge of Marion Superior Court." The certificate of the clerk is as follows: "State of Indiana, County of Marion, ss. I, George B. Elliott, clerk of the superior court, within and for the county aforesaid, do hereby certify that the foregoing transcript contains full, true, and complete copies of all the entries of proceedings had and of all the papers filed in said Marion Superior Court belonging to cause numbered 62,433, as appear from the records and files now in my custody. In testimony whereof, *   *   *   Geo. B. Elliott, Clerk." [Seal.] And is attested by the seal of "the Superior Court of Marion County, Indiana."

This court takes judicial notice that John L. McMaster was at the date of the signing of the bill of exceptions one of the judges of the Superior Court of Marion County. The statute (§1395 Burns 1901) provides for the creation in certain counties of the State of a "superior court." Section 1396 Burns 1901 provides for a seal of said court, which shall contain on the face the words "Superior Court of ————————— County," the blank to be filled according to the name of the county. It appears from the record that he presided at the trial of the cause; that said bill was presented to him for settlement and signature within the time permitted and allowed by the court, and that the same was signed by him. The name of the court appears with sufficient accuracy. The evidence is properly in the record. §638a Burns 1901.

Judgment reversed, with instruction to sustain the motion for a new trial.