## HENRY, RECEIVER, v. EPSTEIN.

[No. 7,238.    Filed May 23, 1911.    Rehearing denied June 7, 1912.]

1. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—In order that a verdict may be upheld, it must appear that every material allegation of the complaint, put in issue by the pleadings, is supported by the evidence in the record, unless the fact so in issue is one of which the trial court could take judicial notice.    p. 664.

2. TRIAL.—*Issues.*—*Evidence.*—Where a material fact averred in a complaint is not traversed by defendant, such fact is not in issue and need not be proved.    p. 664.

3. RECEIVERS.— *Actions Against.*— *Complaint.*— *General Denial.*— *Proof Required of Plaintiff.*—*Appointment and Authority of Receiver.*—Under §371 Burns 1908, §365 R. S. 1881, providing that the character and capacity in which a party is sued, and the authority by virtue of which the plaintiff sues, shall require no proof at the trial unless such character, capacity, or authority, be denied by a pleading under oath or by an affidavit filed therewith, plaintiff in an action for personal injuries against the receiver of a railroad, was not required to prove the allegations of the complaint that the railroad was at the time of the injury in the hands of defendant as receiver and that plaintiff had obtained permission to bring the action from the court appointing such receiver, where the only answer filed by defendant was the general denial.    p. 664.

4. RECEIVERS.—*Railroads.*—*Negligence.*—*Complaint.*—*Material Allegations.*—*Control and Management of Operation.*—In an action against the receiver of a railroad for personal injuries, the averment that the operation of the road and the car which caused the injury was at the time under the control and management of the receiver and his servants is a material fact essential to recovery and is put in issue by the general denial.    p. 665.

5. TRIAL.—*Findings by Jury.*—A jury is justified in finding a fact to be true where such fact is admitted, where the court takes

judicial notice thereof, where the evidence directly proves it, or where it may be rightly and reasonably inferred from other facts which are either admitted, proved by the evidence, or taken notice of judicially. p. 665.

6. RECEIVERS.—*Appointment.—Title or Ownership of Property.*— The appointment of a receiver for a corporation does not affect the title or ownership of the property, but merely takes the custody, control and management thereof out of the hands of the directors and officers of the corporation and places the property in the custody and under the control of the receiver, to be managed by him under the orders of the court. p. 666.

7. RECEIVERS.—*Railroads.—Negligence.—Control and Management of Operation.—Evidence.—Sufficiency.*—In an action against the receiver of a railroad for personal injuries, where the fact that the railroad company was in the hands of a receiver and of the appointment of defendant as such receiver were admitted, and the evidence showed that the car which caused the injury was one of said company's cars running on its tracks, the jury was warranted in inferring that the car was being operated under the control and management of the receiver, his agents and servants. p. 666.

8. RAILROADS.—*Interurban.—Negligence.—Contributory Negligence. —Evidence.—Sufficiency.*—In an action for personal injuries in being run down by an interurban car, where the evidence showed that the company maintained a double track in the street which passed under a railroad track maintained on a viaduct supported by walls on each side thereof, that owing to the construction of the tracks and road a person using a vehicle could not drive through the viaduct without entering on the tracks, that plaintiff was traveling west and the car which caused the injury was also going west, that on entering the subway plaintiff was on the track used by eastbound cars and on seeing an eastbound car he turned upon the other track and was struck by the westbound car which was traveling at a high rate of speed, that before entering the viaduct plaintiff looked back at a point about six hundred feet east thereof and saw no car approaching from the west, and that a train of cars was crossing over the viaduct which made such noise that might have prevented him from hearing the approach of the car, the evidence warranted the jury in finding the defendant negligent in the operation of its cars at a dangerous rate of speed and that plaintiff was free from contributory negligence. pp. 666, 667.

9. RAILROADS. — *Interurban. — Operation. — Speed. — Travelers on Highway.—Duty.*—Persons in charge of electric cars approaching a point where the existing conditions render the operation of cars dangerous to travelers on the highway are charged with the

duty of regulating the speed of the cars as not to expose persons using the highway to unnecessary danger, and to use such care and caution as is required by the known danger to which other travelers on the highway are exposed. p. 667.

10. NEGLIGENCE.—*Contributory Negligence.—Question for Jury.—* Where the evidence on the question of contributory negligence is of such character that a man of ordinary intelligence and honesty might draw an inference of negligence, and another of equal intelligence and honesty might draw the opposite inference, the question is one of fact for the jury and its finding will not be disturbed on appeal. p. 668.

11. RAILROADS.—*Interurban.—Injury to Travelers.—Duty of Traveler.—Looking and Listening.—*The rule in respect to looking and listening which applies to travelers on highways when approaching the crossing of a steam railway, does not apply in all its strictness to one traveling along a highway where the tracks of an interurban railroad are laid longitudinally in the highway. p. 668.

12. TRIAL.—*Instructions.—Request.—Rights of Parties.—*A party has a right to have the jury instructed definitely and specifically as to the law applicable to the facts which the evidence tends to prove, if such instructions are properly and seasonably requested and are within the issues; and, where evidence is offered by a party tending to prove a state of facts within the issues, he is entitled to an instruction submitting such hypothetical state of facts to the jury advising it as to the law applicable thereto, provided they find such facts to be established by the evidence. p. 669.

13. TRIAL.—*Instructions.—Applicability to Evidence.—*In an action for injuries resulting from a collision with an interurban car, the instructions defining the care required of plaintiff and the precautions which he was required to use before driving on the tracks of the defendant, though worded so as to be applicable to any person under like conditions and circumstances, were not objectionable, where the facts and circumstances referred to in the instructions were so applicable to the state of facts claimed to have been shown by the evidence that the jury could not have failed to make the proper application of the law to the facts which the evidence tended to prove. p. 670.

From Marion Circuit Court (75,465); *Vinson Carter,* Judge.

Action by Harmon Epstein against Charles L. Henry, as receiver of the Indianapolis & Cincinnati Traction Company.

From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elam & Fesler* and *Claude Cambern,* for appellant.
*Meyers & Ogden* and *Merrill Moores,* for appellee.

LAIRY, P. J.—This was an action brought by appellee to recover for personal injuries and for injuries to his property, caused by the collision of a car, operated by appellant, with a wagon in which appellee was riding. The horses attached to said wagon were killed, and other personal property belonging to appellee was damaged, and appellee was personally injured. Two actions were brought by appellee in the court below, one for injuries to his person and one for injuries to his property. By order of the court these cases were consolidated and tried together, resulting in a verdict in favor of appellee in the sum of $1,000. Over appellant's motion for a new trial, the court rendered judgment on the verdict.

The only error relied on for reversal is that the court erred in overruling the motion of appellant for a new trial. Three causes are assigned in appellant's motion, as follows: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) that the court erred in giving and refusing to give certain instructions.

It is alleged in the complaint, that when the accident complained of occurred, the Indianapolis and Cincinnati Traction Company, on whose tracks appellee was injured, was in the possession of and being operated by appellant, as receiver, but there is no direct evidence to prove this allegation; neither was there evidence introduced to prove the further allegation that appellant was appointed receiver for the Indianapolis and Cincinnati Traction Company, and that before bringing this suit appellee received permission from the court appointing such receiver to bring the action. It is contended by appellant that these were all material

facts in issue in the case, proof of which was necessary to sustain the verdict; and that a total want of evidence as to any one or more of such facts is fatal.

In order that the verdict in this case may be upheld, it must appear that every material allegation of the complaint, put in issue by the pleadings, is supported by the evidence in the record, unless the fact so in issue is one of which the court trying the case could take judicial notice. If any material fact averred in the complaint was not traversed by the defendant, such fact cannot be said to have been in issue, and it was not incumbent on plaintiff to offer evidence in support of such uncontroverted fact.

Section 371 Burns 1908, §365 R. S. 1881, provides: "Pleadings denying the jurisdiction of the court, or in abatement of the action, and all dilatory pleadings, must be supported by affidavit. The character or capacity in which a party sues or is sued, and the authority by virtue of which he sues, shall require no proof on the trial of the cause, unless such character, capacity, or authority, be denied by a pleading under oath, or by an affidavit filed therewith. An answer in abatement must precede, and can not be pleaded with an answer in bar, and the issue thereon must be tried first and separately."

Appellee was sued in the capacity of receiver of the Indianapolis and Cincinnati Traction Company. The only answer filed by him was a general denial, in which he designated himself as receiver of the Indianapolis and Cincinnati Traction Company. He filed no answer under oath denying that he was such receiver, or that he occupied the capacity in which he was sued, and he did not file any such answer denying the authority of the plaintiff to bring the action. Under the provisions of the statute quoted, the allegations of the complaint, as to the authority by virtue of which the plaintiff sued or the capacity in which appellant was sued, could not be put in issue except by a plea in abatement. As

such facts were not put in issue, it was not incumbent on plaintiff to offer proof to sustain them. *Ayers* v. *Foster* (1900), 25 Ind. App. 99, 57 N. E. 725; *Elkhart Car Works Co.* v. *Ellis* (1888), 113 Ind. 215, 15 N. E. 251; *McNulta* v. *Lockridge* (1891), 137 Ill. 270, 27 N. E. 452, 31 Am. St. 362; *McNulta* v. *Ensch* (1890), 134 Ill. 46, 24 N. E. 631.

The further point is made by appellant, that the evidence wholly fails to show that the operation of the road and of the car which caused the injury complained of was 4. under the control and management of the receiver and his servants at the time of such injury. This was one of the material facts necessary to a recovery, and it was put in issue by the general denial. *Indianapolis St. R. Co.* v. *Lawn* (1903), 30 Ind. App. 515, 66 N. E. 508; *Citizens St. R. Co.* v. *Stockdell* (1902), 159 Ind. 25, 62 N. E. 21. If the jury was not justified in finding that the car which struck appellee's wagon and caused his injury was at the time under the management and control of the employes of the receiver, the verdict cannot stand. A jury may 5. be justified in finding a fact to be true in several ways: (1) The fact may be admitted; (2) the court may take judicial notice of such fact; (3) the evidence may directly prove the fact; (4) the fact may be rightly and reasonably inferred by the jury from other facts which are either admitted, or proved by the evidence, or taken notice of judicially by the court.

There is no direct evidence that the men in charge of the car which caused appellee's injury were in the employ of appellant as receiver. It is admitted by the pleadings that appellant was the receiver of the Indianapolis and Cincinnati Traction Company, and the evidence shows without controversy that said company was the owner of the tracks on Prospect street on which the car was running at the time it struck appellee's wagon, and that said car was one of the cars of said company known as the "Connersville Dispatch." The employes in charge of the car testified that

they were employed by the Indianapolis and Cincinnati Traction Company.

The appointment of a receiver for a corporation does not affect the title or ownership of the property of such corporation unless a sale of such property is made in the due administration of the trust, and in that event the title to the corporate property remains in the corporation until such sale. The whole effect of such a decree is to take the custody, control and management of such corporation out of the hands of the directors and officers of the corporation, and place the same in the custody and under the control of the receiver, to be managed under the orders of the court. *Louisville, etc., R. Co.* v. *Cauble* (1874), 46 Ind. 277. It being admitted that the Indianapolis and Cincinnati Traction Company was in the hands of a receiver, and that Charles L. Henry was such receiver, and it further appearing from the evidence that the car which collided with appellee's wagon and caused the injury was one of said company's cars running on its tracks, we think that the jury was warranted in inferring that the car was being operated under the control and management of said receiver, his agents and servants.

We will next consider the evidence bearing on the question of contributory negligence. Appellant claims that the undisputed evidence shows that appellee being in a place of safety immediately before the collision, suddenly and without warning turned onto the tracks directly in front of the car, and in such close proximity as to make it impossible for those in charge of the car to prevent the collision by stopping the car or by taking other precautions. It appears from the evidence that the Indianapolis and Cincinnati Traction Company maintained a double track on the extension of Prospect street in the city of Indianapolis, which is a street extending east and west; and that the south track was used by cars going east, and that the north track was used by cars going west. It also appears that the colli-

sion occurred east of the city limits, at a point where the Belt Railroad maintained a viaduct over said street, supported by walls on each side thereof. There was also testimony tending to prove that the tracks and road were so constructed, at the place where they passed under the viaduct, that a person using a wagon or other vehicle could not drive through the viaduct without entering on the tracks.

The conditions thus shown to exist rendered the operation of cars dangerous to travelers on the highway at that point. Those in charge of electric cars approaching this point were bound to know that persons using the highway with wagons and other vehicles had a right to pass through such viaduct, and that in so doing they would necessarily enter on the tracks, and thus be exposed to danger, and it was their duty so to regulate the speed of cars approaching this point as not to expose persons so using the highway to unnecessary danger and to use such care and caution in the general management and operation of the cars at that point as was required by the known danger to which other travelers on the highway were exposed.

Appellee was traveling on said highway in a wagon going west and the car which collided with his wagon also came from the east on the north track. When appellee approached and entered the subway, the evidence tends to show that he was on the south side of the highway on the south track, and that before he emerged from beneath the viaduct he saw a car coming from the west on the south track, and that, for the purpose of getting out of the way of the car going east, he turned to the north onto the north track, where he was struck by an interurban car running at a high rate of speed and approaching from his rear. There is evidence tending to show that when two cars are side by side under this viaduct, there is no place that a wagon can pass, and that the only way in which a driver of such a vehicle can escape from one of the tracks at that point is by going on the other. There was evidence that

appellee looked back along the track at a point about six hundred feet east of the viaduct, and saw no car approaching, and that a train of cars was passing over the viaduct making considerable noise, which might have prevented him from hearing the approach of the car, or from hearing any signals of such approach. There was a conflict in the testimony, but the jury was the exclusive judge of the credibility of the witnesses and of the weight of the evidence. The jury was clearly warranted in finding that appellant was negligent in operating its car at the high and dangerous rate of speed shown by the evidence as it approached the viaduct, and we think that it was also warranted in finding in favor of appellee on the question of his contributory negligence. Where the evidence on the question of contributory negligence is of such a character that one man of ordinary intelligence and honesty might draw an inference of negligence, and another of equal intelligence and honesty might draw the opposite inference, the question is one of fact for the jury, and its finding will not be disturbed on appeal. *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945.

It is true that appellee did not look back immediately before he turned upon the north track, but it must be borne in mind that the track on which the car was being operated was laid longitudinally in the highway on which appellee was traveling, so that the rule in respect to looking and listening, which applies to travelers on highways when approaching the crossing of a steam railway, did not apply in all its strictness to appellee. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478. As said by the court in the case of *Indianapolis St. R. Co.* v. *Marschke, supra.* "While we recognize that the right of the company is superior in point of precedent, that the driver should not obstruct the operation of the cars, and that a person who without care drives along the track may subject himself to the charge of contributory negli-

gence, yet where, as here, there was an excuse for driving near the track, and some degree of care exercised in respect to looking and listening, a short time before the injury, and with the burden resting on appellant to show contributory negligence, we hold that it is not error to submit the question to the jury. It must not be forgotten that a person driving along a street railroad track in broad daylight has a right, at least in some degree, to indulge in the supposition that if a car is approaching from the rear a proper lookout is being maintained thereon, and that ordinary care not to injure him will be exercised.''

Appellant has saved exceptions to the giving of certain instructions by the court, and also to the refusal of the court to give certain instructions tendered by appellant. It would unduly extend this opinion to discuss each of these instructions separately. We have examined the instructions given, and are of the opinion that they fully and fairly present the law applicable to the case. The instructions given are criticised on the ground that they contain general abstract propositions of law, and that they are not so framed as to apply the propositions of law stated therein directly to facts which the evidence tends to prove. It is true that a party has a right to have the jury instructed defi-

12. nitely and specifically as to the law applicable to the facts which the evidence tends to prove, if such instructions are properly and seasonably requested, and are within the issues; and where evidence is offered by a party tending to prove a state of facts within the issues, and he claims that such facts are proved, he is entitled to an instruction submitting such hypothetical state of facts to the jury, and advising them as to the law applicable to such state of facts, provided they find such facts to be established by the evidence. *Carpenter* v. *State* (1873), 43 Ind. 371.

The instructions given in this case are not open to the criticism that they do not apply to the specific evidence introduced at the trial in all its details. It is true that the

instructions given, defining the care required of plaintiff, and the precautions which he was required to use before driving upon the tracks of the defendant, were so worded as to be applicable to any person under like conditions and circumstances; but the circumstances and conditions referred to in the instructions given were so applicable to the state of facts, which defendant claimed the evidence established in respect to the conditions and circumstances surrounding plaintiff at and immediately before the injury, that the jury could not have failed to make the proper application of the law to the facts which the evidence tended to prove.

The instructions refused were fully covered by those given. Taken as a whole, the instructions given were as favorable to appellant as he had a right to ask, and we are of the opinion that the jury could not have failed to understand the law applicable to the case, and that it was not in any way misled by the instructions given.

Judgment affirmed.

NOTE.—Reported in 95 N. E. 275. See, also, under (1) 38 Cyc. 1884; (2) 31 Cyc.. 678; (3) 34 Cyc. 442; 31 Cyc. 529; (4) 34 Cyc. 442; (5) 3 Cyc. 348; (6) 34 Cyc. 183, 184; (7) 33 Cyc. 733; (8) 33 Cyc. 889, 893; (9) 33 Cyc. 791; (10) 29 Cyc. 631; (11) 33 Cyc. 831; (12) 38 Cyc. 1703; (13) 38 Cyc. 1617. As to a receiver's liability in his official capacity for torts imputable, but for the receivership, to the constituent, see 120 Am. St. 280. As to the relative rights of a street car company and the driver of a vehicle in using a highway, see 25 Am. St. 475. For a discussion of the duty and liability of a street railway as to vehicles moving along its tracks, see 7 Ann. Cas. 1127; 18 Ann. Cas. 510.