## Ross, Receiver, v. Andrews.

[No. 10,574.  Filed December 21, 1920.]

1. CONTRACTS.—*Origin of Offer.—Variance.*—The fact that the complaint alleges that the contractual offer involved was made by plaintiff when the fact as found by the court is that the offer was made by defendant, is not such a variance as to prevent a recovery.  p. 483.

2. CONTRACTS.—*Evidence.—Sufficiency.*—Evidence *held* sufficient to show that plaintiff highway contractor had accepted defendant receiver's offer to build a switch, and that defendant knew that plaintiff had accepted and acted upon such offer. p. 483.

3. RECEIVERS.—*Actions Against.—Questioning Liability as Such. —Pleading.*—A receiver, sued and defending as such, who desires to raise any question as to whether the action was properly brought against him, should do so by special answer. p. 484.

4. EVIDENCE.—*Action on Contract.—Documents Exchanged with Agent.—Receivers.—Principal and Agent.*—In an action for breach of an agreement to build a switch, a memorandum of the offer to build for $200 given by defendant receiver's agent to plaintiff, plaintiff's check for $200 and the receipt of such agent therefor, were admissible.  p. 484.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Homer A. Andrews against Walter L. Ross as receiver of the Toledo, St. Louis and Western Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Van Brunt & Harker* and *Walter A. Eversman,* for appellant.

*Simmons & Dailey, E. Burt Lenhart* and *Henry B. Heller,* for appellee.

McMAHAN, J.—Complaint by appellee in which it is alleged that appellee is a contractor engaged in building and constructing macadamized roads; that on April 6, 1915, the board of commissioners of Adams county, Indiana, awarded appellee a contract for the construction of a certain macadamized road which was crossed by the railroad of which appellant is receiver, and that appellant and appellee entered into an agreement whereby appellant agreed to build a switch at the point where the road to be macadamized crossed said railroad, appellee to arrange for the ground and do the required grading, and to pay appellant the sum of $200; that appellant refused to build said switch, thus compelling appellee to haul the material for said road a greater distance to his damage. There was an answer of general denial. Trial by court. On request the facts were found specially.

The errors assigned are that the court erred in overruling appellant's motion for a new trial and in each conclusion of law.

Appellant contends that the decision of the court is not sustained by sufficient evidence, and is contrary to law. In support of these contentions appellant says: (1) A party must recover according to the allegations of his complaint or fail; (2) mental determination to accept an offer, or the doing of an act in pursuance thereof, does not consummate a contract until acceptance is communicated to the other party; (3) an offer must be accepted within a reasonable time, the acceptance must be unconditional and correspond with the offer.

It is not necessary to enter into a discussion of the law or to cite any authorities in support thereof. It is only necessary for us to determine whether there is any evidence to support the finding of the court. The complaint alleges that appellee made an offer to arrange for the ground, do the necessary grading for the switch, and pay the appellant $200 for constructing it, while the court finds that appellant offered to build the switch for $200, appellee to arrange for the ground on which to build it and do the grading, and the evidence supports the finding. The fact that the complaint alleges that the offer was made by appellee, when the fact as found by the court, is that the offer was made by appellant, instead of appellee, is not such a variance as to prevent a recovery.

There is evidence tending to show that on the day when the county commissioners were receiving bids from the contractors for the building of the road appellant's station agent at Decatur informed the contractors bidding on said road that appellant would put in the switch for $200 for the man who received the contract, the contractor to arrange for the ground and do the grading. The agent when making said offer stated that he had talked over the telephone with Mr. Graham, appellant's assistant general freight agent at Toledo, Ohio, and was authorized by him to make such offer. Appellee, having filed his bid with the county auditor before said offer was made by the station agent, thereafter withdrew such bid and reduced it $200, and was awarded the contract. Two or three hours later appellee went to said agent, who, being informed that appellee had been awarded the contract, and being so requested, reduced the offer which had been made to writing. This took place April 6. On April 7 appellant's agent informed Mr. Graham as to what had taken place the day before. Nothing further occurred

until July 12, when appellee gave the station agent a check for $200. This check was mailed to Mr. Graham, who returned it to the station agent, and he in turn mailed it to appellee, and informed appellee that appellant would not build the switch. These facts are sufficient to support the finding that appellee accepted the offer as made by appellant, and that appellant knew that appellee had accepted and acted upon said offer as made.

Appellant was sued as receiver, and as such defended the action. Had he desired to raise any question as to whether the action was properly brought against him, he should have done so by special answer. *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 275. The agent who made the offer to build the switch is spoken of in the evidence as the agent of appellant. Appellant also contends that the court erred in permitting appellee to introduce in evidence the written memorandum of the offer which the agent gave appellee, the check for $200, and the receipt which the agent gave appellee for the check. We hold otherwise. There was no error in overruling motion for a new trial.

From the facts found, the court concluded as a matter of law that appellee was entitled to recover $520 damages.

Appellant contends that the court erred in its conclusion for the reason that there is no finding that the station agent who made the offer was the agent of appellant. This contention cannot be sustained. The court specifically found that appellant through its agent made the offer to build the switch, that appellee made out and delivered to appellant the $200 check, and that appellant, without making any objections to the form of payment, returned the check and refused to put in the switch.

Judgment affirmed.