## BUSH ET AL. *v.* GOBLE ET AL.

[No. 12,179. Filed February 17, 1926. Rehearing denied May 12, 1926. Transfer denied June 29, 1926.]

1. BILLS AND NOTES.—Possession of negotiable promissory note is *prima facie* evidence of ownership in the holder. p. 91.

2. BILLS AND NOTES.—*Plaintiff's suing on a note held to have burden of proving that bank receiving payment after payee's death was not authorized to receive payment.*—In an action by payee's heirs on a note and to foreclose a mortgage securing

the same, where the plaintiffs claimed the note was unpaid because the bank, to whom payments had been made, was merely payee's agent for collection, and that, on his death, the agency terminated and the payments were unauthorized, they had the burden of proving that the bank was not the owner thereof, but merely a collection agent, as possession by the bank was *prima facie* evidence of its ownership.   p. 91.

3.  BILLS AND NOTES.—*Where a bank was prima facie owner of note, it was not necessary to prove that payments made to bank came into hands of payee or his heirs.*—In an action to quiet title as against a mortgage securing payment of a note for part of the purchase price of land, where the defendants, heirs of the mortgagee, filed a cross-complaint claiming the note to be unpaid because payment thereof was made to the bank which had possession of the note as payee's collection agent, after his death and the termination of the agency, the plaintiffs were not required to prove that such payments came into the hands of the defendants, as the bank's possession was *prima facie* evidence of its ownership of the note.   p. 91.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by Elmer N. Goble and others against William H. Bush and others, wherein defendants filed a cross-complaint.   From a judgment for plaintiffs, the defendants appeal.   *Affirmed.*   By the court in banc.

*Harker & Irwin, Earl F. Gruber, Brenton A. Devol* and *Thomas M. Ryan,* for appellants.

*Albert J. Bayne* and *William Robison,* for appellees.

ENLOE, P. J.—The appellees herein filed this complaint in the Clinton Circuit Court to quiet title to certain described lands in said county, making the appellants parties thereto.   To this complaint, the appellants answered in general denial.   They also filed a cross-complaint in two paragraphs, the first based upon a promissory note which they alleged was unpaid, and the mortgage executed to secure the payment of the same, and they asked for judgment on said note and for a foreclosure of said mortgage; the second was based upon the promise to pay said note contained in said mortgage, and, in this paragraph also, they asked for

a judgment and for the foreclosure of said mortgage. To each paragraph of cross-complaint, the appellees answered by general denial, and also by plea of payment. The cause was submitted to the court for trial and resulted in a finding for the appellees on their complaint, and a finding against the appellants upon their cross-complaint; and there was a decree accordingly, from which this appeal is prosecuted. The error assigned is the overruling of the motion for a new trial, under which are presented the matters hereinafter considered.

Appellants first contend that the decision of the trial court is not sustained by sufficient evidence.

The evidence in this case discloses the following facts, viz.: On and prior to November 1, 1901, one Philip S. Bush was the owner of the lands involved in this suit; on that date, his wife joining therein, he executed his warranty deed to Josiah Rothenberger for said lands subject to certain specified liens. On the same day, said Rothenberger executed his promissory notes for the unpaid purchase money of said lands as follows—one note for $1,000, due in one year, one for $1,000, due in two years, and one for $2,000, due in three years, each with interest thereon at five per cent. from date, and each payable "to the order of Philip S. Bush, at the Farmers Nat'l. Bank, of Mulberry, Indiana." To secure the payment of these notes, the mortgage which appellants seek to foreclose was executed.

The record discloses that the first of said notes was paid November 1, 1902, when the same became due; that it was paid at the Farmers National Bank of Mulberry, Indiana, the money being paid to the cashier of said bank, who, upon payment, surrendered said note to the maker; that the said note for $1,000, due November 1, 1903, was also paid off when the same became due, at the bank where it was, by its terms, payable, the said

note being in the possession of said bank, and, upon its being paid, it was also surrendered to said maker.

Upon the trial, it was stipulated that Philip S. Bush died intestate in Clinton county, Indiana, September 1, 1904; that he left surviving him his widow, and five sons, (all named in the stipulation) as his sole and only heirs at law, and that each of said sons was, at the date of the death of his father, over twenty-one years of age, and that no administration had ever been had upon the estate of said Philip S. Bush.

The record further discloses that on November 2, 1904, two months after the death of said Bush, the maker of said notes went to the Farmers National Bank at Mulberry, Indiana, and paid the sum of $1,100 to apply on said $2,000 note, being $1,000 on the principal and $100 interest for one year; that said money was paid to the cashier of said bank, who then had possession of said note, and exhibited it to the said maker at the time said payment was made. On November 1, 1905, another payment, $500 on principal, and $50 interest, was made by the maker of said note to the cashier of said bank, who still held said note, to be applied on said note, and on July 23, 1906, the maker again made a payment on said note, paying the balance of principal and the accumulated interest, in the sum of $518.75. When this last payment was made, the cashier of said bank gave to the maker of said note a receipt in full of balance due, principal and interest, and stated in said receipt that said note had been "lost or mislaid."

The cross-complaints in this case proceed upon the theory that Philip S. Bush was the owner of said note at the time of his death, and that he had simply left said note at said bank for collection; that in all the transaction, the bank was acting simply as the agent of said Bush in making the collection on said note, and

that, therefore, when Bush died, the agency was terminated, and the bank no longer had any authority to act as a collecting agent and collect the money due on said note.

It is the settled law of this state that possession of a negotiable promissory note is *prima facie* evidence of ownership in the person so holding possession.

1, 2. *Bush* v. *Seaton* (1853), 4 Ind. 522; *Kimball* v. *Whitney* (1860), 15 Ind. 280; *Paulman* v. *Claycomb* (1881), 75 Ind. 64; *Taylor* v. *Hearn* (1892), 131 Ind. 537, 31 N. E. 201; *Ayers, Rec.,* v. *Foster* (1900), 25 Ind. App. 99, 57 N. E. 725. The said note being, at the times mentioned, in the possession of said bank, the burden of showing that the said bank was not the owner of said note, and not authorized to receive payment thereof, was upon the appellants. *Ayers, Rec.,* v. *Foster, supra.* When we read the testimony in this case, we find the record is without any testimony even tending to show that said bank was holding said note simply as a collecting agent. The record is absolutely silent as to this matter. There is not a syllable of testimony even tending to show that said Bush was the owner of said note at the time of his death, and, under the issues, this was a material fact to be established by the appellants before they would be entitled to any judgment in their favor.

The appellants next insist that the evidence is insufficient to support the decision because it was not shown that the money paid in discharge of said note ever reached the hands of the appellants. As the possession of said note by said bank was *prima facie* evidence of *its* ownership, and as this ownership was in no way, by the evidence, qualified or explained, there was no burden resting upon the appellees to trace said money and prove that it went into the hands of the appellants.

Other objections are made and presented concerning the admission of evidence, but, upon this record, the rulings of the court in the matters complained of were correct.

We find no error, and the judgment is affirmed.