In the Matter of the **WOODMAR REAL-TY COMPANY**, a Corporation, Debtor.

**WOODMAR REALTY COMPANY**, a Corporation, Debtor, Appellant,

v.

**Ruth S. JULIUS**, Lloyd M. Hershey, and Ena H. Raymond, Substituted Intervening Petitioners in Claim No. 441, Appellees.

No. 13579.

United States Court of Appeals Seventh Circuit.

Aug. 20, 1962.

**592**

Owen W. Crumpacker, George V. Burbach, Hammond, Ind., Benjamin Wham, Chicago, Ill., for appellant.

Edmond J. Leeney, Hammond, Ind., Herschel B. Davis, Gary, Ind., for appellees.

Before KNOCH, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Petitioners filed their Intervening Petition for Lien and Proof of Secured Claim in this proceeding which was begun twenty-one years ago under the Chandler Act[1] and developed into a straight bankruptcy proceeding.[2] Woodmar, the bankrupt debtor, objected to allowance of the claim. The court overruled the objection, allowed the claim, and debtor has appealed.[3]

The petition, filed in August, 1953, is based upon defaulted City of Hammond, Indiana, improvement bonds and unpaid bond interest coupons. The petitioners are successors to First Merchants National Bank and Trust Company of Lafayette, Indiana, original claimant, one of "some 300" such bondholders who filed claims against the proceeds, in Trustee's custody, of sales of Woodmar real estate. There are seven bonds subject of the petition, two issued under Improvement Resolution No. 1296, and five issued under Resolution No. 1399, of the Hammond City Council. Petitioners' claim is No. 441.

This claim and the many others were subject of a report, in September, 1955, by Trustee McLean and of a petition by him for the allowance of claims. Woodmar and some of the stockholders objected.[4] After Judge Swygert, then of the Northern District of Indiana, disqualified himself, a pre-trial conference upon the issues was held by the late Judge Parkinson, then District Court Judge. It was decided, without objection, that Claim No. 441 should be tried as a typical improvement bond claim case to "test the validity of Woodmar's objections to claims." After Judge Parkinson's elevation to this Court, Judge Tehan of the Eastern District of Wisconsin, was appointed to try the issues.

1. Act June 22, 1938, ch. 575, 52 Stat. 840, 11 U.S.C.A. § 1 et seq.

2. The history of the proceeding may be read in the first of several appeals in this court, In the Matter of Woodmar Realty Co., 241 F.2d 768, 64 A.L.R.2d 883 (1957).

3. The Trustee in Bankruptcy, McLean, was allowed to intervene in this appeal.

4. This court decided in In the Matter of Woodmar Realty Co., 241 F.2d 768, 64 A.L.R.2d 883 (1957), that Woodmar, but not its stockholders, had standing to object.

He did so, by agreement, on the record made before Judge Parkinson.

On January 19, 1960, Judge Tehan rendered an opinion that Woodmar's objections to the validity of petitioner's claim were without merit; on February 13, 1961, he filed a second opinion that petitioner's claim should be allowed, and ordered claimants to submit proposed findings of fact and conclusions of law; and on July 21, 1961, he filed a third opinion effectually overruling Woodmar's objections to the proposed findings and conclusions. Findings of Fact and Conclusions of Law were then entered July 21, 1961.

The Conclusions overruled Woodmar's objections and allowed petitioner's claim, with interest, based on the seven bonds and coupons issued under Resolutions 1296 and 1399 as liens against proceeds of sales of particular properties securing payment of these bonds and coupons; directed that the claim should be paid in accordance with the Indiana law, but that the claim should not be paid until "all claims filed herein affecting the ultimate allocation of cash to this claim have been either disallowed or allowed in fixed amounts."

The Conclusions rested on extensive findings of fact made in the three opinions. In the first opinion, covering twenty-eight pages in the appendix, Judge Tehan discussed in detail eleven of the seventeen objections levelled at the validity of petitioner's claim. In the second opinion, of seven appendix pages, he discussed the remaining six objections relating to "the amount in which that claim should be allowed." In his final opinion, of twenty-three pages, Judge Tehan gave his views of Woodmar's contentions bearing upon the proposed "findings, conclusions and order."

■ We see no merit in the contention that Woodmar was denied due process for want of findings as required by Fed. R.Civ.P. 52(a), 28 U.S.C.A. The three opinions, adopted in the Findings of Fact

as additional findings are sufficient, American Crystal Sugar Co. v. Cuban-American S. Co., 2 Cir., 259 F.2d 524 (1958), to comply with Rule 52(a). This is clear from the decision in Lifesavers Corp. v. Curtiss Candy Co.,[5] 7 Cir., 182 F.2d 4 (1950), cited by Woodmar.

■■ There is no merit either in the argument that the District Court failed to decide the case before it. The court decided that Claim No. 441 was valid and ordered the claim allowed. The effect of the order was to establish the "law of the case" with respect to Woodmar's objections. The court was not able to specify the amount to be paid petitioners, as the court pointed out, since the total amount of all similar claims and petitioners' pro rata share of the total was not then known. The decision accomplished what the selection of No. 441, as a test, was intended to do for the remaining claims.

We do not find the judgment erroneous because it, under the circumstances of this case, does not give claimants the money due to them immediately and did not therefore finally decide the issue. The rule in American Service Co. v. Henderson, 4 Cir., 120 F.2d 525, 530, 135 A.L.R. 1414 (1941), does not, nor do any of the other cases cited by Woodmar, support the claim of error. Nor is the judgment here inadequate as the one in Buffum v. Maryland Cas. Co., 9 Cir., 77 F.2d 761 (1935), obviously was. We think the District Court's judgment as to the validity and amount of the claim at bar is final. The District Court could not prudently have decided more at the time. Upon the order of distribution, the details of payment and amounts of claims will undoubtedly be set forth.

■ Judge Tehan did not delegate his responsibility when he directed plaintiffs' attorneys to submit proposed findings and conclusions in accordance with the three opinions. The record discloses an unusually full hearing by a thorough, painstaking judge. By having the pre-

5. Erroneously referred to as Dearborn Nat. Cas. Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332 (1947).

vailing party submit proposed findings of fact and conclusions of law, the judge followed a practical and wise custom in which the prevailing party has "an obligation to a busy court to assist it in performance of its duty" under Rule 52(a). Dearborn Nat. Cas. Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332, 333 (1947).

The Findings of Fact include a description of the Woodmar real estate involved; find the amount of the lien on each lot which secured payment of bonds issued under Resolution 1296, 7th series, and under Resolution 1399, 7th, 8th, 9th and 10th series, including petitioner's lien; find that petitioner owned the defaulted bonds and coupons subject of Claim No. 441; find that their shares of the liens on each lot were proportioned to the total liens on each; and find that the lots were sold free of the liens which were ordered transferred to the proceeds of the sales.

■ Woodmar contends that petitioners had the burden of tracing the lien to the bankruptcy assets and that their proof failed to do so. Assuming, but not deciding this is so, there would, nevertheless, in view of the District Court's findings, be no merit to this contention. In the opinion of February 13, the court stated that the lienholders' rights asserted by petitioners were enforceable only against the proceeds of the sales of the lots to which their liens attached; and that the court records reveal the amounts received from the sales of these lots and the City of Hammond records disclose the lots affected by the lien claimed. And there is no question about the balance of proceeds of the sales, $451,000, being in custody of Trustee McLean, or that, except for relatively small amount of general creditors' claims, the proceeds of the sales are available only for payment of the claims of improvement bondholders.

■■ We think the court did not err in finding that petitioners sustained their burden of proof. The evidence showed the transfer to petitioners of the interests of their predecessor owner in the improvement bonds and coupons in Claim No. 441; and the bonds and coupons were introduced in evidence. The bonds were originally negotiable, had not been "restrictively endorsed or discharged by payment or otherwise." Burns Ind.Stat. Ann., 1952 Repl. § 19–318. Their possession was prima facie evidence of ownership. Bush v. Goble, 85 Ind.App. 87, 150 N.E. 802 (1926).

The negotiability of the bonds was not lost in the Indiana foreclosure suits upon the bonds: As to Case No. 51280 involving Resolution 1339 the Woodmar real estate was expressly excepted from the effect of the decree. And as to Case No. 51256 involving Resolution 1296 the injunction issued in the proceeding at bar rendered the decree ineffectual. Neither foreclosure decree affected petitioners' rights.

■ The District Court did not create a right not given by Indiana law. It enforced in the bankruptcy proceeding the right to a lien given in Indiana, against the debtor's estate in Trustee's possession. It was not required to follow the foreclosure proceeding provided for holders of defaulted improvement bonds in Burns Ind.Stat.Ann., 1950 Repl., § 48–2721.

The original intervening petition claimed the face amount of the bonds, and interest accumulated on the coupons, a total of $4,295.00. The District Court allowed the claim, upon the bonds and coupons in evidence, but deferred ordering payment of the amount of the claim. Woodmar's contention that there is no evidence as to the amount of petitioner's claim is without merit.

■ The remaining contention is that the Findings are erroneous in ignoring the issues and failing to find the facts on the subject of the defenses of the "bar dates" and laches. There are findings that Woodmar had not made an attempt to show any prejudice by reason of any claimed laches; and that petitioners had no wish to participate in a reorganization proceeding. The court stated that since

the original proceeding became, by order of court, a straight bankruptcy proceeding, the "bar date" set for the filing of claims in the original reorganization proceeding did not affect their claims; and that in any event petitioners would not have had to file claims, citing, *inter alia*, DeLaney v. City and County of Denver, 10 Cir., 185 F.2d 246 (1950). The court also found that the claim was filed within six months of the first meeting of the creditors as required by § 57(n); [6] and decided that the Indiana Statute of Limitations did not bar the claim because the foreclosure suits were filed in time and the District Court injunction preventing their prosecution tolled the Statute. This contention has no merit.

All points raised have been considered. For the reasons given, the judgment is affirmed.

See also 294 F.2d 785.

Owen W. Crumpacker, George V. Burbach, Hammond, Ind., Benjamin Wham, Chicago, Ill., for appellant.

Herschel B. Davis, Gary, Ind., for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

